853 F.2d 57
 11 Fed.R.Serv.3d 1143
 The NATIONAL BANK OF WASHINGTON, Plaintiff-Appellant,
v.
Murray DOLGOV, Halpert, Oberst and Company, Security Pacific
National Trust Company, and Security Pacific
Clearing & Services Corp., Defendants-Appellees.
 No. 1254, Docket 88-7250.
 United States Court of Appeals,
Second Circuit.
 Argued June 23, 1988.
Decided July 18, 1988.
 
 Louis J. Maione, New York City (Kathryn Dalli, Maione & Collins, New York City, on the brief), for plaintiff-appellant.
 Anthony Djinis, Washington, D.C. (MariAnne Pisarri, Pickard and Djinis, Washington, D.C., Catherine A. Ludden, Gaston & Snow, New York City, on the brief), for defendants-appellees Halpert, Oberst and Co., Sec. Pacific Nat. Trust Co., and Sec. Pacific Clearing & Services Corp.
 Before NEWMAN, KEARSE and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff National Bank of Washington ("NBW") appeals from a judgment of the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, dismissing its complaint as to defendants Halpert, Oberst and Company, Security Pacific National Trust Company, and Security Pacific Clearing & Services Corp. (collectively the "dismissed defendants"). Because the case remains pending against another defendant and because the district court has not stated adequate reason for the immediate entry of a final judgment as to the dismissed defendants, we dismiss the appeal for lack of appellate jurisdiction.
 
 BACKGROUND
 
 2
 NBW commenced the present action in December 1987 in connection with the erroneous issuance of a security known as a bank depository receipt ("BDR"), seeking to recover $120,000 (a) from defendant Murray Dolgov for alleged conversion, unjust enrichment, fraud, and negligent misrepresentation with regard to the endorsement of the BDR, or (b) from the dismissed defendants for breach of warranty under Article 8 of the Uniform Commercial Code with regard to the signatures endorsing the BDR. Shortly after commencement of the action, certain of the dismissed defendants advised the court that they wished to move to dismiss the complaint, and on February 11, 1988, the district judge held a conference of all the parties. No written motion was served or filed, and the proceedings at the conference apparently were not recorded.
 
 
 3
 On February 26, the court ordered that the complaint be dismissed against all defendants except Dolgov. There was no written opinion or memorandum accompanying the order, nor any statement in the order itself as to the grounds for the dismissal. The order provided "that, there being no just reason for delay, pursuant to Rule 54(b), F.R.Civ.P. and upon the express direction of the Court, final judgment in favor of [the dismissed defendants] shall be entered forthwith." A document entitled "Partial Judgment," dated March 22, 1988, was entered accordingly, and this appeal by NBW followed. For the reasons below, we dismiss.
 
 DISCUSSION
 
 4
 Since the decision of the district court challenged here does not relate to an injunction, see 28 U.S.C. Sec. 1292(a)(1) (1982 & Supp. IV 1986), and is not an interlocutory order as to which we have granted leave to appeal, see id. Sec. 1292(b) (1982 & Supp. IV 1986), this Court lacks jurisdiction to hear the present appeal unless the decision is a "final" order within the meaning of 28 U.S.C. Sec. 1291 (1982). An order that adjudicates fewer than all of the claims remaining in the action or adjudicates the rights and liabilities of fewer than all of the parties is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties "upon an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b).
 
 
 5
 Respect for the federal policy against piecemeal appeals requires that the district court's power to enter a final judgment before the entire case is concluded be exercised sparingly. See, e.g., Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); Cullen v. Margiotta, 811 F.2d 698, 710 (2d Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Exercise of that power is reviewable on appeal and may be overturned for abuse of discretion. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. at 8-10, 100 S.Ct. at 1460-66; Cullen v. Margiotta, 811 F.2d at 711. In light of the reviewability of the decision to enter a Rule 54(b) order, "it does not suffice for the district court to announce its determination that 'there is no just cause for delay' in conclusory form. Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion." Cullen v. Margiotta, 811 F.2d at 711. Thus, in a number of cases, where the certification merely repeated the language of Rule 54(b) in haec verba and provided no illumination as to why there was no just cause for delay, or where the reasons cited by the district court were inadequate, we have dismissed the appeals for lack of a final judgment. See, e.g., Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir.1980) (per curiam) (haec verba certification); Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir.1978) (stated reasons for certification inadequate); Arlinghaus v. Ritenour, 543 F.2d 461 (2d Cir.1976) (per curiam) (haec verba certification).
 
 
 6
 The order of the district court in the present case was conclusory in form, merely reciting the language of Rule 54(b) without providing any explanation for the conclusion that a partial final judgment should be entered immediately. Thus, we do not regard the March 22, 1988 Partial Judgment as a proper final judgment. Nor, given the limited record before us, is it at all clear that a Rule 54(b) certification should be entered, since such a certification is generally not appropriate "if the same or closely related issues remain to be litigated against the undismissed defendants." Cullen v. Margiotta, 811 F.2d at 710. From the allegations in the complaint, it would appear that the claim of forgery asserted against Dolgov is closely related to the claim that the dismissed defendants breached their warranties that the BDR endorsements were genuine and appropriate. Indeed, at the oral argument of this appeal, the panel posed a number of questions relating to the claims against the dismissed defendants and was given answers that apparently have been developed in the discovery currently being conducted on the surviving claim against Dolgov.
 
 
 7
 Finally, we note that even if we were presented with a final order within the meaning of Sec. 1291, we would be unable to conduct a meaningful review of the dismissal on the basis of the present record. In dismissing, the district court did not record the reasons for its decision. There is no written opinion, no statement of the grounds of the dismissal in the order itself, no transcript of any grounds for dismissal that the court may have mentioned orally at the conference, and no written motion stating grounds that the court might have endorsed. We trust that when an appropriate final judgment is entered, the record will provide greater illumination of the grounds for the decisions that may be challenged on appeal.
 
 CONCLUSION
 
 8
 The appeal is dismissed for lack of appellate jurisdiction. No costs.