928 F.2d 63
 19 Fed.R.Serv.3d 1377, Bankr. L. Rep. P 73,864
 In re CHATEAUGAY CORPORATION, Reomar, Inc., the LTV
Corporation, et al., Debtors.
LTV STEEL COMPANY, INC., BCNR Mining Corporation, Nemacolin
Mines Corporation, and Tuscaloosa Energy
Corporation, Plaintiffs-Appellees,
v.
UNITED MINE WORKERS OF AMERICA, Defendant-Appellee,
Joseph P. Connors, Sr., Donald E. Pierce, Jr., William
Miller, William B. Jordan and Paul R. Dean as
trustees of the United Mine Workers of
America 1974 Benefit Plan and
Trust, Defendants-Appellants.
 No. 246, Docket 90-5020.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 19, 1990.
Dismissed Dec. 17, 1990.
Motion For Reinstatement Jan. 23, 1991.
Decided March 18, 1991.
 
 William F. Hanrahan, Groom and Nordberg, Washington, D.C., Michael Devorkin, John J. Rieck, Jr., Doar, Devorkin & Rieck, New York City, David W. Allen, General Counsel, United Mine Workers of America, Washington, D.C., for defendants-appellants.
 Sharon Katz, Karen E. Wagner, Davis Polk & Wardwell and Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs-appellees.
 Before OAKES, Chief Judge, MESKILL, Circuit Judge, and RESTANI,* Judge.
 PER CURIAM:
 
 
 1
 This is a request to reinstate an appeal previously dismissed by this Court for lack of jurisdiction. In re Chateaugay Corp., 922 F.2d 86 (2d Cir.1990). Appellant United Mine Workers of America 1974 Benefit Plan and Trust (Benefit Trust) secured a judgment from the United States Bankruptcy Court for the Southern District of New York, Lifland, J., in response to our opinion and now seeks to reinstate the appeal.
 
 
 2
 For the reasons that follow, we decline to reinstate the appeal. This denial is without prejudice to reinstatement when our jurisdiction has been invoked properly.
 
 
 3
 As noted above, we dismissed this appeal for lack of jurisdiction. In so doing we expressly provided the Benefit Trust with an opportunity to reinstate the appeal. We made it clear that in order for us to have jurisdiction the Benefit Trust had to obtain certification from the bankruptcy court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, incorporated in its entirety into the Bankruptcy Rules through B.R. 7054(a). The judgment obtained by the Benefit Trust does not satisfy the requirements of Rule 54(b).
 
 
 4
 The language of Rule 54(b) unambiguously states that absent an express determination of no just reason for delay and an express direction for entry of judgment, the order at issue is not final. Courts, if anything, have interpreted Rule 54(b) even more strictly than the Rule's language requires.
 
 
 5
 Case law dictates that "a district court cannot merely announce that 'there is no just reason for delay.' " Pension Benefit Guarantee Corp. v. LTV Corp. (PBGC), 875 F.2d 1008, 1014 (2d Cir.1989) (quoting Fed.R.Civ.P. 54(b)). " 'Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion.' " Id. (quoting National Bank of Washington v. Dolgov, 853 F.2d 57, 58 (2d Cir.1988) (per curiam) (citation omitted)), rev'd on other grounds, --- U.S. ----, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990); see Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). If the 54(b) certificate is defective because it is missing either element of Rule 54(b), we are deprived of jurisdiction. See Fed.R.Civ.P. 54(b).
 
 
 6
 In this instance, although the bankruptcy court entered judgment, the certificate does not include a finding of no just reason for delay. As a result, the elements of Rule 54(b) are not satisfied and we still lack jurisdiction to hear the appeal. Clearly the appeal cannot now be reinstated.
 
 
 7
 It may not have been clear to the Benefit Trust and the bankruptcy court that strict compliance with Rule 54(b) is required in the bankruptcy context. As a result, we are providing the Benefit Trust with yet another opportunity to cure the jurisdictional defect that now exists. The Benefit Trust is granted thirty (30) days to obtain the 54(b) certification. On procuring a proper 54(b) certificate, containing a statement of no just reason for delay with a brief explanation of the reasoning behind that finding, and an express direction for entry of judgment, the Benefit Trust may again seek to reinstate the appeal. Upon reinstatement we will decide the merits of this action without further briefing or argument.
 
 
 
 *
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation