**LORAL FAIRCHILD CORPORATION,**
**Plaintiff,**

**v.**

**VICTOR COMPANY OF JAPAN, LTD., et al., Defendants.**

**LORAL FAIRCHILD CORPORATION,**
**Plaintiff,**

**v.**

**MATSUSHITA ELECTRIC INDUSTRIAL COMPANY, LTD., et al., Defendants.**

Civil Action Nos. 91–5056–ARR, 92–0128–ARR.

United States District Court, E.D. New York.

July 16, 1996.

Gregory Lyons, James H. Wallace, Washington, DC, Peter K. Stackhouse, Arlington, VA, Anthony W. Karambelas, Newport Beach, VA, for Plaintiff.

Michael J. Berger, New York City, for Victor Co. of Japan, US JVC Corp., Matsushia Elec. Corp. of America.

Cynthia B. Okrent, Brooklyn, NY, Barry W. Graham, Steven McCann, John Lowe, Douglas B. Henderson, Jeffrey A. Berkowitz, Vincent P. Kovalick, Robert E. Converse, Washington, DC, for Nikon Corp., Nikon, Inc.

Richard J. Spensley, Ted R. Rittmaster, Los Angelos, CA, for Murata Machinery Ltd., Murata Business Systems, Inc.

Matthew Powers, Jared B. Bobrow, Menlo Park, CA, for OKI Electric Industry Co., Ltd., OKI America, Inc.

Joseph M. Fitzpatrick, New York City, for Canon Inc., Canon U.S.A. Inc.

Arthur I. Neustadt, Arlington, VA, Eric M. Nelson, New York City, for Toshiba Corp., Toshiba America Information Systems Inc., Toshiba America Electronic Components Inc., Toshiba America Consumer Products Inc.

Arthur I. Neustadt, Arlington, VA, for Toshiba America Inc.

William A. Streff, Jr., Chicago, IL, John Donofrio, New York City, Lawrence J. Gotts, Washington, DC, for Hitachi Home Electronics (America) Inc.

Francis J. Hone, Steven M. Nachman, New York City, for Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A. Inc.

John B. Pegram, New York City, for Sanyo Elec. Co., Ltd., Sanyo Fisher Corp.

Francis Edward Morris, Edmond R. Bannon, New York City, for Mitsubishi Elec. Corp., Mitsubishi Elec. Sales America.

Cynthia B. Okrent, Brooklyn, NY, Barry W. Graham, Douglas B. Henderson, Washington, DC, for Goldstar Co., Ltd.

Barry W. Graham, Washington, DC, for Gold Star Electronic Intern.

Jonathan M. Wagner, New York City, Jack Lahr, Washington, DC, for Samsung Electronics America.

Paul H. Blaustein, John M. Calimafde, Marvin N. Gordon, New York City, for Nippon Elec. Co., NEC America Inc., NEC Technologies, Inc.

Arthur H. Christy, New York City, Paul A. Renne, San Francisco, CA, for Nat. Semiconductor Corp., Fairchild Semiconductor Corp.

## ORDER CERTIFYING THE CASE BETWEEN LORAL AND SONY FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT UNDER RULE 54(B)

RANDALL R. RADAR, Circuit Judge (Sitting by Designation).

In this patent case, Loral Fairchild Corporation joined numerous Japanese electronics manufacturing companies in a single civil action for infringement of two United States patents. Defendants vigorously compete against each other in the electronics industry in the manufacture and sale of semiconductor devices as well as in the sale of consumer electronics products such as cameras, VCRs, and camcorders.

Some defendants manufacture semiconductor devices and consumer electronic devices. Other defendants only make and sell consumer electronics devices. These latter defendants purchase semiconductor devices for their consumer products from the other group of defendants. This same consumer defendant group sought to be severed and stayed from this case. They agreed to be bound by certain rulings made in the cases against the manufacturing defendant from whom they purchased chips. The court granted that motion. Six so-called manufacturing defendants remained—Sony, Sanyo, Toshiba, Hitachi, NEC, and OKI.

In view of the Federal Circuit's (now the Supreme Court's) decision in *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995) (en banc), *aff'd on other grounds,* —— U.S. ——, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), the court ordered briefing on claim construction and scheduled a hearing to receive qualified expert testimony on the meaning of the claims. For this proceeding, the court allotted plaintiff and defendants each two expert witnesses. This joint proceeding clarified that a jury trial with all six manufacturing defendants would present logistical difficulties. For example, each defendant wanted an opportunity to question witnesses—sometimes on repetitive points, other times on issues unique to a particular defendant's interests. Each defendant also sought to participate in oral argument—sometimes raising redundant points, other times presenting confusing corollaries or even points conflicting with another defendant.

Following the hearing, several defendants moved for separate trials. The various defendants cited a number of potential problems associated with a joint trial. For example, defendants foresaw potential unfair prejudice in trying a case with a single United States plaintiff against a large group of Japanese defendants. According to defendants, they would confront the prospect of making Goliath seem sympathetic against David, but would confront that task before an audience of Hebrews. In addition, defendants highlighted the substantial increased trial time and expense resulting from a joint trial.

Defendants also expressed concern over the handling of sensitive trade secrets in the presence of other defendants, who may have the right to have a representative remain in the courtroom at all times. Finally, Loral apparently has accused more than 150 products and many processes of infringement of its two patents. Defendants believed the jury would face difficulty in considering each of their unique products and processes separately for infringement. Finding substantial merit in defendants concerns, on October 11, 1995, the court separated the trials of the six manufacturing defendants and established a trial schedule with the Sony defendants first.

The case proceeded to trial between Loral and Sony in January 1996, on the issues of ownership, infringement under the doctrine of equivalents, and validity of the asserted claims of the patents-in-suit. After five weeks of trial and several days of deliberations, the jury returned a verdict on February 14, 1996. The jury found Loral had proven it owned the two patents and that Sony infringed the asserted claims of the patents under the doctrine of equivalents. The jury also reported that Loral had proven Sony induced infringement of only the '674 patent. However, the jury reported that Sony did not prove invalidity of any of the asserted claims of the patents-in-suit.

Following this verdict, Sony moved for judgment as a matter of law and for a new trial. The court also tried the issues of laches and equitable estoppel to the bench in April 1996.

On July 12, 1996, the court granted Sony's motion for judgment as a matter of law and for a new trial, in the alternative. The court found insufficient evidence under applicable law to support the jury's verdicts on infringement of the '485 and '674 patents.

On July 16, 1996, the court held a telephone conference with counsel regarding possible certification of this case under Fed. R.Civ.P. 54(b) for immediate appeal. The parties raised no objection to this procedure. Having finally resolved all liability issues between Loral and Sony but with pending claims against the other defendants, the court believes no just reason for delay exists, dictating an immediate appeal of this matter to the United States Court of Appeals for the Federal Circuit under Fed.R.Civ.P. 54(b). This is the court's order certifying this case for appeal.

## DISCUSSION

Federal Rule of Civil Procedure 54 authorizes a court to certify a final judgment for immediate appeal notwithstanding the fact that other issues remain for resolution. Fed. R.Civ.P. 54(b). Rule 54(b) reads:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

 Rule 54 provides a mechanism to "avoid the possible injustice of a delay in entering judgment ... as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2654, at 35 (2d ed. 1983). Under Rule 54, consistent with a trial court's intimate involvement in a case, the court has wide discretion to enter judgment when it terminates the action as to one party. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). The rule requires a definite statement of certification by the district court, which provides notice to the parties as to the time for appeal. *Flynn & Emrich Co. v. Greenwood*, 242 F.2d 737, 739 (4th Cir.), *cert. denied*, 353 U.S. 976, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957).

 According to the Supreme Court, district courts must undertake a two-step inquiry in evaluating whether to certify a case for appeal under Rule 54. *Curtiss–Wright*, 446 U.S. at 7, 100 S.Ct. at 1464. First, the court must determine whether there is a final decision. *Id.* Second, the court must determine that there is no just reason for delay. *Id.* at 8, 100 S.Ct. at 1464–65.

 To satisfy the first prong in a case featuring multiple parties, the court must finally adjudicate a claim as to one of the parties. *See Farrell v. Piedmont Aviation, Inc.*, 411 F.2d 812, 814–15 (2d Cir.), *cert. denied*, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969). The claim at issue in this case is one for patent infringement. *W.L.*

*Gore & Assoc., Inc. v. International Medical Prosthetics Res. Assoc., Inc.*, 975 F.2d 858, 863 (Fed.Cir.1992). Loral and Sony have fully tried Loral's claim for infringement and all of Sony's asserted defenses. The court has ruled as a matter of law that Sony's accused processes and CCDs do not infringe the asserted claims of the patents-in-suit. With that ruling, nothing remains to be litigated between Loral and Sony. Sony, however, did not prove invalidity of any of the asserted claims of the patents-in-suit. Thus, Loral's claims for patent infringement against the other defendants remain pending in this case. Consequently, consistent with Rule 54, this court has finally resolved a claim between one but not all of the parties.

 In addition, the court must also determine that there is no just reason for delay. *In re Chateaugay Corp.*, 928 F.2d 63, 64 (2d Cir.1991) (per curiam); *see also New York v. United States*, 568 F.2d 887, 893 n. 10 (2d Cir.1977). No precise formula has been approved to determine the necessity for immediate appeal. *Curtiss–Wright*, 446 U.S. at 10–11, 100 S.Ct. at 1466–67. Instead, consistent with the discretionary nature of the decision, courts should examine the particular facts and circumstances of each case in deciding whether there is no just reason for delay. *Id.*

Several factors in this case point toward certification. First, resolution of the decided issues on appeal may facilitate settlement with the remaining defendants. *New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1426 (2d Cir.1991). A number of the remaining defendants manufacture CCDs using a four-before-three process sequence. Affirmance of this court's decision regarding liability of that process sequence under the '674 patent may lessen the potential liability of the defendants who manufacture CCDs using that sequence and lead to settlement.

 Second, this court's claim construction drove the resolution of the issues between Sony and Loral. Claim construction impacted significantly on this court's conclusions on literal and equivalents infringement on both patents. Currently, the Federal Circuit does not defer to trial court rulings on

claim construction. *See Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 39 USPQ2d 1001, 1004–05 (Fed.Cir.1996). Thus, the Federal Circuit may adopt a different view of the claims at issue. With a number of trials remaining, the Federal Circuit's guidance on the proper scope of the claims will clarify the parties' rights and obligations under the patents and may lead to a substantial savings of time and expense. *National Fuel Gas Distribution Corp. v. TGX Corp.,* 950 F.2d 829, 834 (2d Cir.1991).

Third, as alluded to previously, immediate appeal may result in a substantial savings of time, resources, and expense. Should the Federal Circuit affirm this court's claim construction and rulings on the doctrine of equivalents, the case can proceed against the remaining defendants with relative ease. However, should the Federal Circuit reverse, this court may only have to retry the case between Loral and Sony, as opposed to retrial of all the cases should appeal await the end of those trials. Thus, immediate appeal serves to save both valuable time and judicial resources as well as expense.

## CONCLUSION

In sum, the facts and circumstances of this case point toward immediate certification. The case is finally resolved between Loral and Sony, yet claims remain against the other defendants. Moreover, the court finds no just reason for delay. Consequently, the court will certify this judgment as final under Rule 54(b) and certify the case for immediate appeal.

Consequently, IT IS HEREBY ORDERED as follows:

1. As no just reason for delay exists, the Clerk shall enter final judgment under Fed. R.Civ.P. 54(b) in favor of the Sony defendants and against the plaintiff, Loral Fairchild Corp., on Loral's claim for patent infringement against Sony.

2. As set forth in paragraph 5 of the February 23, 1996, order, Loral's claims against the remaining defendants continue to remain stayed pending resolution of this ap-

peal by the United States Court of Appeals for the Federal Circuit.