**UNITED STATES of America, Plaintiff,**

v.

**Sheldon G. HANSEL, Christy Hansel, Grant Hansel, Shelley Hansel, and Hope Hansel, Defendants.**

**No. 96–CV–0775.**

United States District Court, N.D. New York.

Oct. 7, 1998.

**8**

Office of the United States Attorney, U.S Department of Justice (Glenn J. Melcher, Asst. U.S. Attorney, Tax Division, of counsel), Washington, D.C., for plaintiff.

Sheldon G. Hansel, West Winfield, NY, Pro se.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

On June 7, 1996, the United States (the "Government") instituted an action pursuant to 26 U.S.C. §§ 7401 and 7403 to: (1) reduce to judgment tax assessments made against Sheldon G. Hansel; (2) set aside fraudulent transfers by Sheldon G. Hansel to the other four named defendants; and (3) obtain judgments against Christy Hansel, Grant Hansel, Shelley Hansel and Eunice Hansel in amounts equal to the value of certain shares of stock conveyed to them, plus dividends, profits, and appreciation in the value of the stock.

By Decision and Order dated March 14, 1998, familiarity with which is assumed, the Court granted the Government's motion to add Hope Hansel as a defendant, and granted Summary Judgment against Sheldon, Christy, Grant, and Shelly Hansel. The action was dismissed against Eunice Hansel.

Judgment was filed on April 7, 1998.[1] Defendants thereafter moved for reconsideration of the March 14, 1998 Decision and Order. By Decision and Order dated June 8, 1998, defendants' motion for reconsideration was denied.

Defendants now move to stay enforcement of the Judgment.

### II. DISCUSSION

Defendants move pursuant to FED.R.CIV.P. 62 to stay enforcement of the Judgment filed on April 7, 1998. Defendants assert that this case is still pending as to Hope Hansel and that enforcement of the judgment is properly stayed until resolution of the case against her. Defendants further assert that they will appeal this Court's prior Orders upon resolution of the case against Hope Hansel and that it would be in the interests of judicial economy to stay enforcement of the judgment until that time. Defendants also maintain that they would suffer great financial hardship to have to maintain an appellate action while defending a case in District Court. Lastly, defendants claim that enforcing the judgment prior to the disposition of the case against Hope Hansel would "prejudice her rights dramatically since she is the owner of the other shares of Hanwinsel Farms, Inc. stock."

The Government responds that the entry of judgment was not final within the meaning of FED.R.CIV.P. 54(b). Thus, according to the Government, there is no final, enforceable judgment and defendants' motion is premature. The government also contends that the judgment is not yet subject to appeal.

### A. Rule 62

FED.R.CIV.P. 62 sets forth various situations when a court may stay enforcement of a judgment or stay proceedings to enforce a judgment. As will be discussed, because a final judgment, as that term is defined in FED.R.CIV.P. 54(a), has not been filed, neither Rule 62(a) (automatic stay) nor 62(h) (Stay of Judgment as to Multiple Claims or Multiple Parties) is applicable. Similarly, none of the other subdivisions of that Rule apply.

### B. Rule 54

FED.R.CIV.P. 54 governs judgments. Generally speaking, a "judgment" includes "a decree and any order from which an appeal

---

1. Inasmuch as there was no determination as to Hope Hansel, the judgment did not apply to her.

lies." FED.R.CIV.P. 54(a). Rule 54(b) contains specific provisions for situations, as here, where there are multiple parties.

"An order that ... adjudicates the rights and liabilities of fewer than all of the parties is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.' " *National Bank of Washington v. Dolgov,* 853 F.2d 57, 58 (2d Cir.1988) (quoting Fed.R.Civ.P. 54(b)); *L.B. Foster Co. v. America Piles, Inc.,* 138 F.3d 81, 86 (1998).

The present matter clearly involves multiple parties. The March 14, 1998 Decision and Order and April 7, 1998 Judgment did not adjudicate the rights and liabilities of all the parties. The case is still pending as to Hope Hansel. This Court has not directed entry of the *final* judgment in accordance with Rule 54(b). There has been no determination that there is no just reason to delay entry of final judgment. Thus, the April 7 Judgment is not final, is not appealable, and is not a judgment as defined by Rule 54(a). *L.B. Foster Co.,* 138 F.3d at 86; *National Bank of Washington,* 853 F.2d at 58; *Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980); *Arlinghaus v. Ritenour,* 543 F.2d 461, 463–64 (2d Cir.1976) (per curiam); *see Asher v. Ruppa,* 173 F.2d 10, 11 (7th Cir.1949) ("A judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined."); *see also* FED.R.CIV.P. 58 (subjecting entry of judgment to the provisions of Rule 54(b)). Furthermore, the Government has stated that it "will not attempt to sell any of the shares of Hanwinsel Farms, Inc. until the conclusion of this litigation, both because it cannot and because it, too, recognizes the increased value of the extra share of stock would bring in any foreclosure sale." (United States' Response to Defendants' Motion for Stay to Enforce Judgment).

Thus, defendants' motion to stay enforcement of the judgment is unnecessary. The Government cannot take any enforcement action until a final judgment has been entered. *See* FED.R.CIV.P. 54(b); FED.R.CIV.P. 58; *Laverty v. Savoy Industries, Inc.,* 1992 WL

296413, at *3 (S.D.N.Y. Oct.6, 1992); *Emerson Radio & Phonograph Corp. v. Hendrix,* 20 F.R.D. 572, 576 (S.D.N.Y.1957); *compare* FED.R.CIV.P. 62(h). Absent an Order from this Court pursuant to Rule 54(b), final judgment may not be entered until adjudication of the rights and liabilities of all defendants, including Hope Hansel. *See Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1024 (2d Cir.1992).

## III. CONCLUSION

For the foregoing reasons, defendants' motion to stay enforcement of judgment is DENIED.

**IT IS SO ORDERED**