12-3575(L)
Krys v. Sugrue

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 2nd day of August, two thousand thirteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                          Circuit Judges.

_____

KENNETH M. KRYS, as Joint Official Liquidators of SPHINX LTD, SPHINX STRATEGY FUND, LTD, SPHINX PLUS SPC LTD, SPHINX DISTRESSED LTD, SPHINX MERGER ARBITRAGE LTD, SPHINX MACRO LTD, SPHINX LONG/SHORT EQUITY LTD, SPHINX MANAGED FUTURES LTD et al., as Assignees of Claims assigned by Miami Childrens Hospital Foundation, OFI, GREEN & SMITH INVESTMENT MANAGEMENT LLC, KELLNER DILEO & CO. LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC, ARNHOLD & S. BLEICHROEDER ADVISERS LLC, et al., MARGOT MACINNIS, as assignee of claims assigned by Miami Childrens Hospital Foundation, OFI ASSET MANAGEMENT, GREEN & SMITH INVESTMENT MANAGEMENT LLC, THALES FUND MANAGEMENT LLC, KELLNER DILEO & CO. LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC,

et al., as joint official liquidator of SPHINX LTD., SPHINX STRATEGY FUND LTD., SPHINX PLUS SPC LTD, SPHINX DISTRESSED LTD., SPHINX MERGER ARBITRAGE, LTD., SPHINX SPECIAL SITUATIONS LTD., SPHINX MACRO LTD., et al., HARBOUR TRUST CO. LTD., as Trustee of the Sphinx Trust,

Plaintiffs-Appellants,

CHRISTOPHER STRIDE, as Joint Official Liquidators of SPHINX LTD, SPHINX STRATEGY FUND, LTD, SPHINX PLUS SPC LTD, SPHINX DISTRESSED LTD, SPHINX MERGER ARBITRAGE LTD, SPHINX MACRO LTD, SPHINX LONG/SHORT EQUITY LTD, SPHINX MANAGED FUTURES LTD et al., as Assignees of Claims assigned by Miami Childrens Hospital Foundation, OFI, GREEN & SMITH INVESTMENT MANAGEMENT LLC, KELLNER DILEO & CO. LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC, ARNHOLD & S. BLEICHROEDER ADVISERS LLC, et al., JAMES P. SINCLAIR, as Trustee of the Sphinx Trust,

Plaintiffs,

- v. -                                                        Nos. 12-3575(L)
                                                                    12-3586(C)

WILLIAM T. PIGOTT, LIBERTY CORNER CAPITAL STRATEGIES, LLC, INGRAM MICRO, INC., CIM VENTURES INC.,

Defendants-Appellees,

CHRISTOPHER SUGRUE, MARK KAVANAGH, BRIAN OWENS, GRANT THORTON LLP, MARK RAMLER, MAYER BROWN LLP, FKA Mayer Brown Rowe & Maw LLP, JOSEPH COLLINS, EDWARD S. BEST, PAUL KOURY, PHILLIP R. BENNETT, ROBERT C. TROSTEN, TONE GRANT, SANTO MAGGIO, THOMAS HACKL, DENNIS A. KLEJNA, BAWAG P.S.K., BANK FUR ALBEIT UND WIRTSCHAFT UND OSTERREICHISCHE POSTEPARKASSE AKTIENGESELLSCHAFT, JP MORGAN CHASE & CO., CREDIT SUISSE SECURITIES (USA) LLC, FKA Credit Suisse First Boston LLC, BANK OF AMERICA SECURITIES LLC, THOMAS H. LEE ADVISORS, LLC, THL MANAGERS V. LLC, THL EQUITY ADVISORS V. L.P., THOMAS H. LEE EQUITY (Cayman) FUND V. L.P., THOMAS H. LEE INVESTORS LIMITED PARTNERSHIP, 1997 THOMAS H. LEE NOMINEE TRUST, THOMAS H. LEE, SCOTT L. JAECKEL, SCOTT A. SCHOEN, EMF FINANCIAL PRODUCTS, EMF CORE FUND, DELTA FLYER FUND, LLC, ERIC M. FLANAGAN, BECKENHAM TRADING CO. INC., ANDREW KRIEGER, COAST ASSET

MANAGEMENT LP, FKA Coast Asset Management LP, CS LAND MANAGEMENT LLC, REFCO GROUP HOLDINGS INC., MARI FERRIS, THOMAS H. LEE PARTNERS, L.P., THOMAS H. LEE EQUITY FUND V, L.P., PRICEWATERHOUSECOOPERS L.L.P., GIBSON, DUNN & CRUTCHER LLP, REFCO ALTERNATIVE INVESTMENTS LLC, ERNST & YOUNG U.S. LLP, DAVID V. HARKINGS, CHRISTOPHER PETTIT, REFCO ASSOCIATES, INC., PRICEWATERHOUSECOOPERS CAYMAN ISLANDS, MITCHELL A. KARLAN, SCOTT KISLIN, COAST ASSET MANAGEMENT LP, ERNST & YOUNG LLP, THOMAS H. LEE PARALLEL FUND V, L.P., MAYER BROWN INTERNATIONAL LLP, MERRIL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED,

_Defendants_.

_____

| | |
|---|---|
| For Appellants: | LEO R. BEUS, Phoenix, Ariz. (Lee M. Andelin, Beus Gilbert, Phoenix, Ariz., David J. Molton, Andrew Dash, Brown Rudnick, New York, N.Y., on the brief). |
| For Appellees Liberty Corner Capital Strategies, LLC, and William T. Pigott: | KEVIN H. MARINO, Chatham, N.J. (John D. Tortorella, Roseann Bassler Dal Pra, Marino, Tortorella & Boyle, Chatham, N.J., on the brief). |
| For Appellees Ingram Micro, Inc., and CIM Ventures, Inc.: | ROBERT F. WISE, New York, N.Y. (Davis Polk & Wardwell, New York, N.Y., on the brief). |

Appeal from the United States District Court for the Southern District of New York.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the matter be remanded for supplementation of the record consistent with this order.

Plaintiffs Kenneth M. Krys et al. appeal from a July 31, 2012 judgment of the United States District Court for the Southern District of New York, Jed S. Rakoff, Judge, entered pursuant to a July 28, 2012 order ("July Order"), dismissing, with prejudice, their claims against defendants William T. Pigott, Liberty Corner Capital Strategies, LLC, Ingram Micro, Inc., and CIM Ventures Inc. (collectively "appellees")

pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' amended complaint alleges, inter alia, that appellees and certain other defendants--against some of whom plaintiffs' claims apparently remain pending--provided sham loans to defendant Refco Group Holdings Inc. to allow Refco Inc. to hide Refco Inc.'s insolvency from customers, thereby aiding and abetting frauds and breaches of fiduciary duty. In October, the district court amended its July Order to instruct that a partial final judgment dismissing the claims against appellees be entered "in accordance with Rule 54(b), the Court having determined there is no just reason for delay." Order dated October 27, 2012 ("October Order"). For the reasons that follow, we remand this matter for the district court to supplement the record with an explanation of its Rule 54(b) determination.

Rule 54(b) gives the district court authority to enter a final judgment as to fewer than all of the parties in a multi-party litigation, thereby permitting an immediate appeal before the action is concluded, "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) ("Curtiss-Wright").

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956) ("Sears")). Ultimately, "the decision to certify" is "left to the sound judicial discretion of the district court. At the same time, . . . 'any abuse of that discretion remains reviewable by the Court of Appeals.'" Curtiss-Wright, 446 U.S. at 10 (quoting Sears, 351 U.S. at 437 (emphasis in Curtiss-Wright)).

"[T]he standard against which a district court's exercise of [this] discretion is to be judged is the 'interest of sound judicial administration.'" Curtiss-Wright, 446 U.S. at 10 (quoting Sears, 351 U.S. at 437) (emphasis ours). "[T]he proper role of the court of appeals is not to **re**weigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." Curtiss-Wright, 446 U.S. at 10 (emphases added).

A statement by the district court only of its conclusion that "there is no just reason for delay," unaccompanied by any explanation of the assessments that led to that conclusion, is insufficient to permit this Court to conduct the abuse-of-discretion review. See, e.g., Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 630 (2d Cir. 1991) ("Absent an explanation by the district court, we have no basis for conducting a meaningful review of the district court's exercise of its discretion."); National Bank of Washington v. Dolgov, 853 F.2d 57, 58-59 (2d Cir. 1988) (given a certification that only tracked the language of Rule 54(b), without an explanation, dismissing the appeal for lack of appellate jurisdiction); Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980) (same); Arlinghaus v. Ritenour, 543 F.2d 461, 463-64 (2d Cir. 1976) (same). To allow an immediate appeal, the district court's conclusion "must be accompanied by a reasoned, even if brief, explanation of its conclusion." O'Bert ex rel. Estate O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003).

In the present case, the district court's July Order dismissing the claims against appellees did not indicate that a partial final judgment should be entered. Its October Order provided for the entry of such a judgment "in accordance with Rule 54(b), the Court having determined there is no just reason for delay"; but it provided no explanation for that determination. It is unclear whether or to what extent the dismissed claims are unrelated to claims that remain pending. Indeed, the same causes of action asserted against appellees are also asserted against several other defendants (see, e.g., Amended Complaint ¶ 1016), and the claims against at least some of those other defendants apparently remain pending. Without an explanation as to why the district court concluded that an immediate final judgment as to these appellees was appropriate, we are unable to assess whether that conclusion, given the interests of sound judicial administration, e.g., avoiding requiring two (or more) appellate panels to review the same or closely related issues, was within the bounds of the district court's discretion.

Rather than immediately dismissing this appeal for lack of final judgment, however, we remand pursuant to the procedure set out in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to supplement the record with a reasoned, even if brief, explanation for why an immediate appeal of the dismissal of the claims against appellees is appropriate. The mandate shall issue forthwith. This appeal will be reinstated, without need for a new notice of appeal, upon notice by either side to this Court by letter that the district court has supplemented the record or upon the expiration of 30 days, whichever occurs sooner. The matter shall be referred to this panel for disposition of the appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court