**HARRISCOM SVENSKA AB,**
**Plaintiff–Appellant,**

v.

**HARRIS CORPORATION,**
**Defendant–Appellee.**

**No. 23, Docket 91–7291.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 11, 1991.
Decided Oct. 18, 1991.

Mark D. Shuman, Boston, Mass., for plaintiff-appellant.

Allen B. Green (Richard A. Feinstein, Alison L. Doyle, Lori L. Jackson, McKenna & Cuneo, on the brief), Washington, D.C., for defendant-appellee.

Before KEARSE, MINER, and McLAUGHLIN, Circuit Judges.

KEARSE, Circuit Judge:

This is an appeal by plaintiff Harriscom Svenska AB ("Harriscom") from so much of a judgment of the United States District Court for the Western District of New York, Michael A. Telesca, *Chief Judge,* as granted in part a motion by defendant Harris Corporation ("Harris") for partial summary judgment and dismissed several counts of Harriscom's complaint. The district court ordered that a final judgment be entered pursuant to Fed.R.Civ.P. 54(b) dis-

missing counts I, IV, VII, and XIII of the complaint. Because we conclude that the court's Rule 54(b) certification was insufficient and that even a sufficient certification would have been an abuse of discretion, we dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

Harris is a New York corporation in the business of manufacturing and distributing radio communications equipment, selling both within the United States and internationally through representatives. Harriscom, a Swedish corporation, began in 1983 to sell Harris products in Iran. Beginning in 1985, Harris failed to fill certain Harriscom orders for ultimate delivery to customers in Iran. Harriscom brought the present action against Harris for damages allegedly resulting from that failure. Harriscom's 16–count complaint asserted six breach-of-contract claims and 10 claims sounding in fraud or negligence, and claimed damages totaling more than $3,325,000.

Harris, invoking a *force majeure* clause in the parties' contract, interposed a defense of impossibility or commercial impracticability (the *"force majeure* defense"), alleging that an informal but enforced policy of the United States government prevented Harris from supplying Harriscom with the requested radio equipment for delivery to Iran. Harris also asserted a counterclaim alleging that Harriscom had breached a contractual obligation to purchase certain inventory reserved for Harriscom.

In December 1988, the court granted a motion by Harris to dismiss 10 counts of the complaint alleging negligence or fraud. The remaining six counts of the complaint, asserting contract claims, sought $1,500,-000 in lost profits resulting from Harris's failure to fill orders submitted by Harriscom (count I); $1,250,000 as profits lost on additional orders that Harriscom's Iranian customers allegedly "were about to place" but did not because of Harris's failure to fill Harriscom's orders (count IV); $350,000 in damages resulting from Harriscom's forfeiture of performance bond guarantees (counts VII and XVI); $150,000 as the return of a deposit paid by Harriscom to reserve certain equipment that Harris failed to deliver (count X); and $75,000 in damages for incidental expenses incurred as a result of Harris's breach (count XIII).

Following a period of discovery, Harris moved for partial summary judgment dismissing Harriscom's contract claims on the ground of its *force majeure* defense. In a Decision and Order dated December 11, 1990 ("December 1990 Decision"), the district court granted Harris's motion in its entirety, finding that, "[a]ccording to the uncontroverted evidence, [Harris's] performance of its agreements with Harriscom Svenska was prevented by the Government's prohibition on the shipment of Harris equipment into Iran." *Id.* at 5. The court concluded that "[t]his prohibition, although effected by informal Government means ... both rendered the contract commercially impracticable pursuant to N.Y.U.C.C. § 2–615(a) and triggered the *force majeure* clause to which the parties had agreed." December 1990 Decision at 5–6. Thus, for either of these two reasons, Harris's performance was "excused as a matter of law." *Id.* at 6.

In an Order dated February 21, 1991 ("February 1991 Order"), the court amended its December 1990 Decision to reinstate count X of Harriscom's complaint, stating that that count had not been "disposed of substantively" by the December 1990 Decision. February 1991 Order at 1–2. The court also ordered that a final judgment be entered dismissing four other contract claims, stating

> that entry of final judgment as to Counts I, IV, VII, and XIII, which were dismissed by the December 11, 1990 Decision and Order, is appropriate because no just reason for delay exists; and that a stay of this action, pending resolution of the appeal from this entry of judgment pursuant to Fed.R.Civ.P. 54(b), is appropriate.

February 1991 Order at 2. Accordingly, Harris's counterclaim and count X of the complaint remain pending in the district court. Count XVI of the complaint, which

apparently had been dismissed in the December 1990 Decision, was not included in the Rule 54(b) certification. Since the court did not order the entry of final judgment as to Count XVI or as to the fraud and negligence claims dismissed in 1988, the dismissal of those 11 claims remains interlocutory.

Harriscom has appealed from the judgment entered pursuant to the February 1991 Order, contending principally that summary judgment dismissing counts I, IV, VII, and XIII was improper because there are genuine issues of fact as to whether Harris's failure to fill Harriscom's orders was voluntary or was instead rendered impossible or impracticable by government interference, and whether Harris acted in good faith. For the reasons below, we conclude that the district court's Rule 54(b) certification was insufficient and improvident, and that we are therefore without jurisdiction to consider the present appeal.

## II. DISCUSSION

■ Rule 54(b) provides an exception to the general principle that a final judgment is proper only after all claims have been adjudicated. It empowers the district court to enter a final judgment on fewer than all of the claims in an action, but "only upon an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b). Respect for the " 'historic federal policy against piecemeal appeals,' " *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956)), requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly. *See Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. at 8, 100 S.Ct. at 1465 ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.").

A certification under Rule 54(b) should be granted only if there are "interest[s] of sound judicial administration" and efficiency to be served, *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. at 8, 100 S.Ct. at 1465, or, in the "infrequent harsh case," *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985), where "there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal,' " *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir.1980) (per curiam) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978)). In general, a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted " 'if the same or closely related issues remain to be litigated.' " *National Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir.1988) (per curiam) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987)); *see Cullen v. Margiotta*, 811 F.2d at 711 ("In a case involving multiple claims, the court should not enter final judgment dismissing a given claim unless that claim is separable from the claims that survive.").

■ Within this framework, the determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court and will be set aside only for an abuse of discretion. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. at 8–10, 100 S.Ct. at 1464–1466 (to justify reversal, district court's determination must be "clearly unreasonable"); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. at 437, 76 S.Ct. at 900; *Cullen v. Margiotta*, 811 F.2d at 711. In order to be sure that the district court has exercised its discretion within the proper framework, this Court has repeatedly held that "in making the 'express determination' required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d at 445 (quoting *Cullen v. Margiotta*, 618 F.2d at 228); *see Hudson River Sloop*

*Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414, 419 (2d Cir.1989) ("mere recitation of the language of the rule that 'there is no just reason for delay' is insufficient to certify a claim under Rule 54(b)"); *National Bank of Washington v. Dolgov*, 853 F.2d at 58; *Cullen v. Margiotta*, 811 F.2d at 711. Absent an explanation by the district court, we have no basis for conducting a meaningful review of the district court's exercise of its discretion. *See Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d at 445 ("Without a reasoned explanation for the certification ... no adequate review can be conducted to determine the propriety of the certification."). Moreover, requiring district judges to provide a reasoned analysis helps them to reach the proper conclusion, for "[a] decisionmaker obliged to give reasons to support his decision may find they do not; 'the opinion will not write.'" *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir.1976) (per curiam). On rare occasions we have disregarded the absence of an adequate explanation "[w]here the reasons for the entry of judgment [we]re obvious ... and a remand to the district court would result only in unnecessary delay in the appeal process." *Fletcher v. Marino*, 882 F.2d 605, 609 (2d Cir.1989) (though certification stated only that there was no just reason for delay because "the issues ruled on present an issue of significant public concern" and was inadequate explanation, accepting jurisdiction because the nature of the public concern and the need for expedition were obvious); *see Perez v. Ortiz*, 849 F.2d 793, 796–97 (2d Cir.1988) (accepting jurisdiction where reasons district court would have stated on remand were obvious). Where, however, the certification has been in conclusory terms or has merely repeated the language of the Rule and a sound basis for certification is not obvious, we have dismissed the appeal for lack of a final judgment, *see, e.g., National Bank of Washington v. Dolgov*, 853 F.2d 57; *Cullen v. Margiotta*, 618 F.2d 226; *Arlinghaus v. Ritenour*, 543 F.2d 461.

■ The certification entered by the district court in the present case did not meet the proper standards. It stated only that entry of a final judgment was "appropriate because no just reason for delay exists." February 1991 Order at 2. This merely repeated the language of Rule 54(b). There was no accompanying explanation of why, for example, it was deemed appropriate to make the judgment as to counts I, IV, VII, and XIII final, while leaving the dismissal of count XVI interlocutory and hence appealable at a later time; count XVI appears to be closely related to count VII. Nor was there any explanation as to why an immediate appeal of the four dismissed contract claims was felt appropriate when another related claim, count X, as well as the counterclaim, remain to be tried. There also was no explanation as to why the dismissal of the four certified contract claims should be final while the dismissal of the 10 fraud and negligence claims remained nonfinal. Since there was no statement of the court's rationale for separating out the four contract claims for immediate review, its certification was insufficient to meet the requirements of the Rule as interpreted by this Court.

Nor is any sound reason for allowing an immediate appeal as to the four certified contract claims evident to us. There is no indication that the remaining proceedings with respect to count X and the Harris counterclaim would be abnormally protracted, and hence no indication that adherence to the normal timetable for appellate review of the dismissal of the four contract claims would cause Harriscom any hardship or injustice.

Further, it is possible, since count X is closely related to the dismissed contract claims and stems from the same factual allegations, that the trial of the count X claim could bring to light facts that would have a bearing on the propriety of summary judgment dismissing the other claims. Indeed, given the apparently close relationship between count X and the dismissed contract claims, the implication of the district court's stay of the remaining proceedings on count X pending this appeal may be that the court thought its adjudication of that claim would be aided in some respect by a ruling of this Court as to

whether the record supported Harris's *force majeure* defense. Such a possibility is not, in these circumstances, a sufficient basis. It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case.

■ We note that if the dismissal here had involved only the legal effect of an indisputable government policy in undisputed circumstances, it would have been open to the district court to authorize Harriscom to petition for an immediate appeal by certifying that its "order involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b) (1988); *see id.* (upon district court's entry of such an order, court of appeals, on a timely petition, may in its discretion allow an immediate appeal of the certified question). Section 1292(b), however, allows certification only of "question[s] of law." Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court. *See Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n. 4 (2d Cir.1966) ("It is doubtful whether the denial of summary judgment when the applicable law is clear but there is a genuine issue as to a material fact can properly be certified under Section 1292(b), for that section is limited only to certifying an order involving a 'controlling question of law.' "); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3930, at 160–61 (1977).

In all the circumstances, we conclude that the Rule 54(b) certification in the present case was an abuse of discretion and that we lack jurisdiction to hear this appeal.

## CONCLUSION

The appeal is dismissed for lack of appellate jurisdiction.