Leonard Stuart **LEVY**, et al., Plaintiffs,

v.

William **WEKSEL**, et al., Defendants.

Nos. 85 Civ. 0990, 85 Civ. 0991, 85 Civ. 1369 and 85 Civ. 7063.

United States District Court, S.D. New York.

Dec. 16, 1992.

Karl Savryn, Dornbush Mensch Mandelstam & Silverman, New York City, for plaintiffs.

I. Michael Bayda, Jacobs Persinger & Parker, New York City, for defendants.

## ORDER

VINCENT L. BRODERICK, District Judge.

The trustee in bankruptcy of Information Displays, Inc. ("IDI"), plaintiff in 85 Civ. 1369 has moved for entry of final judgment pursuant to FRCP 54(b) with respect to parties whose motions for summary judgment dismissing the trustee's claims against them were granted. Partial final judgment under Rule 54 must be based on findings that there is no just reason for delay and that sound judicial administration would be furthered. See *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir.1991). These requisites are not met, and the motion is denied.

This case involves allegations of violations of federal securities laws and related claims against former executives of IDI, and numerous other defendants. These claims revolve principally around alleged creative accounting methods asserted to have been devised to misstate the financial position of IDI with the effect of enhancing the price of its stock and, according to the trustee's claims, also hurting the company itself. I denied the motions for summary judgment of the IDI executives, but granted summary judgment dismissing claims against the other defendants.

The trustee argues that entry of final judgment as to the defendants whose motions were granted would permit an expedited interlocutory appeal from my ruling dismissing the claims against them and thus avoid the possibility of a separate subsequent trial as to them. This argument overlooks the risk of lengthy delay in disposition of the case against the IDI executives who remain in the case, during the pendency of an interlocutory appeal as to the other (and more peripheral) defendants. Were my decisions dismissing the claims against the non-executive defendants to be upheld, the postponement of the portion of the case as to which summary judgment was denied would have been for naught. Since no purpose other than permitting an interlocutory appeal by the losing party is involved, the trustee's position would convert FRCP 54(b) into an adjunct to 28 U.S.C. § 1292(b), the primary source of law applicable to permissive interlocutory appeals. No contention is made that the requirements of § 1292(b) have been met.

FRCP 54(b) and § 1292(b) must be read together in the context presented here. Nothing in the text or purposes of Rule 54(b) suggests that the requirements of § 1292(b) should be allowed to be bypassed in situations of this type. See generally Stone, *The Common Law in the United States*, 50 Harv.L.Rev. 2, 12–18 (1936). FRCP 54(b) certification would be improper both as a matter of sound judicial administration in the interest of expediting disposition of the case as to those defendants whose motions I denied, and because of the importance of the objectives of 28 U.S.C. §§ 1291 and 1292 which seek to limit interlocutory appeals to the narrow compass defined in § 1292.

SO ORDERED.