**GLENDORA, Plaintiff,**

v.

**John C. MALONE, et al., Defendants.**

**No. 96 Civ. 140 (WCC).**

United States District Court,
S.D. New York.

March 29, 1996.

Glendora, White Plains, NY, pro se.

Ben Wiles, Cohen, Dax, Koenig & Wiles, P.C., Albany, NY, for John C. Malone.

### ORDER

WILLIAM C. CONNER, Senior District Judge.

On February 26, 1996, this court issued an opinion granting defendants' motion, made pursuant to Fed.R.Civ.P. 21, to dismiss defendants Tele–Communications, Inc., Malone, Bob Magness, Cloustan, Thomson, Fisher, Gallivan, Kim Magness, Naify, O'Brien, Magarelli and Dunne. Plaintiff has moved, pursuant to Fed.R.Civ.P. 54(b), for the entry of judgment as to those defendants so that she may file an immediate appeal of this court's order.

■ The decision whether to grant Rule 54(b) certification is committed to the discretion of the district court. *See Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir.1991). The court must, however, take into account the " 'historic federal policy against piecemeal appeals' " and use its power under Rule 54(b) sparingly. *See id.* (quoting *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980)). The court should grant Rule 54(b) certification only if "there are interest[s] of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* (internal quotations and citations omitted).

■ This case is clearly not of the latter type. The only consequence that plaintiff is likely to suffer if this court denies her Rule 54(b) motion is that she will be required to await a final resolution of this case before she can seek a ruling from the Second Circuit that the February 26 order was in error. This is neither injustice nor hardship, but is rather the ordinary result of the historic federal policy against piecemeal appeals. The court notes that the February 26 order did not dismiss a single one of plaintiff's causes of action, so denying plaintiff's Rule 54(b) motion does not preclude her from pursuing the relief that she is seeking in this action. Furthermore, the February 26 order did not grant plaintiff, even in part, the relief that she seeks. Therefore, denying her motion does not prevent her from collecting or enforcing anything that she has won.

Nor would judicial efficiency be served by granting plaintiff's motion and enabling her to take an immediate appeal. The court believes that any appeal from the February 26 order would lack merit, as that order dismisses only those defendants who apparently have no connection whatever to the events that plaintiff alleges caused her injury. Furthermore, if plaintiff is ultimately successful on the merits of her claims, she can obtain full relief from the defendants who remain in the case, and an appeal of the February 26 order would be unnecessary. On the other hand, if the case is resolved in defendants' favor, plaintiff is likely to raise more issues on appeal than simply the correctness of the February 26 order. Given that plaintiff will not be harmed by the delay, it would therefore be needlessly inefficient for the Second Circuit to consider an appeal from the February 26 order at this time.

Plaintiff's motion is denied.

SO ORDERED.