**Joseph M. ADRIAN, Adrian Family Partners I, LP and Elaine M. Adrian, Plaintiffs–Appellants,**

v.

**TOWN OF YORKTOWN, Defendant–Appellee.**

No. 06–2318–cv.

United States Court of Appeals, Second Circuit.

Dec. 28, 2006.

David O. Wright, Yorktown Heights, NY, for Appellants.

Ralph F. Schoene, Vouté, Lohrfink, Magro & Collins, LLP, White Plains, NY, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. B. D. PARKER, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

### SUMMARY ORDER

Plaintiffs-appellants Joseph Adrian, Elaine Adrian, and Adrian Family Partners (the "Adrians") appeal from the April 28, 2006 judgment of the magistrate court granting defendant-appellee Town of Yorktown (the "Town") partial summary judgment on the Adrians' equal protection, procedural due process, substantive due process, false arrest, takings, de facto condemnation, declaratory judgment, and malicious prosecution claims. The magistrate judge ordered that final judgment be entered pursuant to Federal Rule of Civil Procedure 54(b). In response to the Adri-

ans' subsequent motion under Federal Rule of Civil Procedure 60(b), the court issued an additional order on June 21, 2006, clarifying its previous order and modifying it to reinstate the Adrians' malicious prosecution claim. *Adrian v. Town of Yorktown,* 2006 WL 1722579 (S.D.N.Y. June 21, 2006). After that order, three of the Adrians' claims remained pending: their First Amendment retaliation claim, their malicious prosecution claim, and their state law claim for money had and received. The Adrians appeal entry of final partial summary judgment. We now dismiss the appeal for lack of appellate jurisdiction. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

Federal Rule of Civil Procedure 54(b) permits a court to certify a partial judgment as final "only upon an express determination that there is no just reason for delay." The court's power to certify a judgment as final should be "exercised sparingly," and "only if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir.1991) (internal citations and quotation marks omitted). In making such a certification, a district court "should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Id.* (internal quotation marks omitted). Where the district court has dismissed some but not all claims in an action, it generally should not certify its judgment as final under Rule 54(b) "if the same or closely related issues remain to be

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

litigated," *Nat'l Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir.1988) (per curiam) (internal quotation marks omitted), unless it can demonstrate "that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered ... will cause unusual hardship or work an injustice." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir.1992). We review a district court's Rule 54(b) certification for abuse of discretion. *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8–10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

In ordering that partial final summary judgment be entered pursuant to Rule 54(b), the court below reasoned only that because the "claims that remain for trial ... are based on the same set of facts as those that have been dismissed ... the Court finds no just reason to delay an appeal," and that certification "will avoid the necessity of a second trial of the same facts in the event that the Second Circuit reverses this Court's grant of summary judgment as to any of the Plaintiffs' claims." Slip Op. at 53. This statement did not provide the "brief, reasoned explanation" we have required. *Harriscom*, 947 F.2d at 629. Moreover, to the extent that it did suggest a rationale—to avoid a second trial—that rationale is one we have explicitly rejected, particularly in cases where the dismissed and surviving claims are closely interrelated.[1] *See Hogan*, 961 F.2d at 1026 ("Though we sympathize with the district court's desire to avoid a retrial of the entire case ... the interrelationship of the dismissed and surviving claims is generally a reason for *not* granting a Rule 54(b) certification.... To deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial ... could only contravene the federal policy against piecemeal appeals." (internal citations and quotation marks omitted)); *Harriscom*, 947 F.2d at 631 ("[T]he federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court."); *see also Brunswick Corp. v. Sheridan*, 582 F.2d 175, 185 (2d Cir.1978) (disapproving of district court's Rule 54(b) certification and cautioning that "[t]he policy against piecemeal appeals of intertwined claims should not be subverted by the specters of additional trials summoned up by ... able district judge[s]"). Because the court below did not explain why adherence to the normal practice would "cause unusual hardship or work an injustice," its preference "to have pretrial appellate review ... is an improper basis for entry of an immediate partial final judgment." *Hogan*, 961 F.2d at 1026. We therefore lack jurisdiction over this appeal.[2]

---

1. Indeed, the court below acknowledged explicitly the extent of the interrelationship between the surviving and dismissed claims in this case: "The Plaintiffs' equal protection, due process, retaliation, and takings claims all arise out of the same events and are based on [the same] alleged policy of the Town to deprive the Plaintiffs of their property rights and to retaliate against them for their exercise of free speech." Slip Op. at 27.

2. Because we lack jurisdiction, we have no power to make binding rulings on the issues the parties have argued. We nonetheless believe the court below might benefit from a few

brief observations in its further consideration of the complex ripeness issues in this case. First, we observe that the court applied so-called "prong-two ripeness," *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir.2005), from the ripeness test established in *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), not only to the Adrians' takings claim but also to their equal protection and procedural due process claims, despite the fact that this Circuit has not yet held whether this is appropriate. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–

For the foregoing reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

89 (2d Cir.2002) (applying prong-one but not prong-two ripeness to due process and equal protection claims); *see also Taylor Inv. Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292–95 (3d Cir.1993) (same); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1507 (9th Cir.1990) (same); *Unity Ventures v. County of Lake*, 841 F.2d 770, 774–76 (7th Cir.1988) (same). Second, we observe that the court applied prong-one ripeness to the Adrians' equal protection selective enforcement and procedural due process claims without evaluating whether constitutional injury had already been inflicted, a consideration that *Dougherty* suggested is necessary before applying *Williamson* prong-one ripeness, at least in the First Amendment context, and that other circuits have suggested is necessary in the procedural due process context. *See Dougherty*, 282 F.3d at 90 (declining to apply prong-one ripeness to First Amendment claim in part because plaintiff suffered "immediate injury"); *Nasierowski Bros. Inv. Co.*

*v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir.1991) (declining to apply prong-one ripeness to a procedural due process claim arising from a land use dispute because "[plaintiff's] injury stemming from the deprivation of procedural due process was immediately sustained and concretely felt, notwithstanding the absence of a 'final' decision from the City concerning the appropriate development of the property"). Finally, we note that the Town's counsel, in oral argument before this Court, suggested that the Town had no intentions of returning the $150,000 the Adrians contend has been wrongly withheld from them. To the extent this representation has been made, the magistrate judge should consider how it affects the ripeness of the Adrians' claims.

