Howard **MILLS,** Superintendent of Insurance of the State of New York, in his capacity as Rehabilitator of Frontier Insurance Company, Plaintiff,

v.

**EVEREST REINSURANCE COMPANY and Benfield Inc., f/k/a E.W. Blanch Co., Defendants.**

No. 7:05–cv–8928 (WWE).

United States District Court, S.D. New York.

Oct. 28, 2009.

Henry Neal Conolly, Self–Employed, Rock Hill, NY, Seema Anita Misra, Stroock & Stroock & Lavan LLP, New York, NY, for Plaintiff.

Bryan Christopher Keane, Timothy Earle Branson, Dorsey & Whitney, LLP, Minneapolis, MN, Deirdre Joan Sheridan, Patrick J. Feeley, Dorsey & Whitney LLP, New York, NY, for Defendants.

## MEMORANDUM OF DECISION ON MOTIONS FOR CERTIFICATES OF APPEALABILITY

WARREN W. EGINTON, Senior District Judge.

On March 6, 2009, 623 F.Supp.2d 447 (S.D.N.Y.2009), the Court denied defen-

dant Benfield Inc.'s motion for summary judgment and granted defendant Everest Reinsurance Company's motion for summary judgment (Doc. # 173). Upon cross-motions for reconsideration, the Court adhered to this decision by order dated June 8, 2009, 2009 WL 7742508 (Doc. # 185). Plaintiff Howard Mills, as Rehabilitator of Frontier Insurance Company, and defendant Benfield have now both filed motions seeking a certificate of appealability on the respective summary judgment orders against them.

The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The underlying facts and the identities of the parties are set forth in the Court's March 6 ruling. On June 24, plaintiff filed his motion (Doc. # 186) arguing that an immediate appeal pursuant to 28 U.S.C. § 1292(b) of the grant of summary judgment in favor of Everest would be expedient and aid judicial economy. On July 17, Benfield filed its motion (Doc. # 196) contending similarly about the denial of its motion for summary judgment. For the reasons that follow, the Court will deny both motions.

## DISCUSSION

Appeals of interlocutory orders are controlled by 28 U.S.C. § 1292(b). A court should issue a certificate of appealability permitting an interlocutory order when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b).

■■■■ Leave to appeal under section 1292(b) is warranted only in "exceptional circumstances sufficient to overcome the general aversion to piecemeal litigation

and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Consub Del. LLC v. Schahin Engenharia Limitada,* 476 F.Supp.2d 305, 308–309 (S.D.N.Y.2007). Such an appeal "is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Liebert v. Levine (In re Levine),* 2004 WL 764709, at *2, 2004 U.S. Dist. LEXIS 6025, at *2 (S.D.N.Y. Apr. 9, 2004). The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. *See, e.g., Swint v. Chambers County Comm'n,* 514 U.S. 35, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). When issuing a certificate of appealability, the court also has the discretion to stay the proceedings; such stay is not automatic, however.

■■■■ A "question of law" is "pure" when the reviewing court could decide it "quickly and cleanly without having to study the record." *In re WorldCom, Inc.,* 2003 WL 21498904, *10, 2003 U.S. Dist. LEXIS 11160, *29 (S.D.N.Y. June 30, 2003). A matter is controlling where a reversal of the district court's order would terminate the action. *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990).

■■■■ Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong. *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 151 F.Supp.2d 488, 491 (S.D.N.Y.2001). Similarly, simply because a question is particularly difficult does not mean that there is a difference of opinion. *See Ntsebeza v. Daimler A.G. (In re South African Apartheid Litig.),* 624 F.Supp.2d 336, 339 (S.D.N.Y.2009) ("Interlocutory appeal is . . . not intended as a vehicle to provide early review of difficult rulings in

hard cases."). Rather, this element may be met by a showing that (1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit. *Consub Del.,* 476 F.Supp.2d at 309.

■ Finally, the third prong is met where an intermediate appeal would advance the ultimate termination of a litigation or if the appeal would advance the time to trial or shorten the trial. *Transport Workers Union of Am., Local 100, AFL–CIO v. New York City Transit Auth.,* 358 F.Supp.2d 347, 350 (S.D.N.Y.2005).

The Court will address each motion in turn. Everest filed opposition to both motions. Benfield takes no position on plaintiff's motion, while plaintiff opposes Benfield's motion.

### I. Plaintiff's Motion for a Certificate of Appealability

Plaintiff moves to appeal the Court's grant of summary judgment in favor of Everest. In its ruling, the Court granted summary judgment in favor of Everest, finding that there was no evidence to indicate that the payments were "disproportionately small" or not the product of arms-length negotiations between sophisticated business operations. Given the fact that the validity of the UPL Contract could not be challenged because the statute of limitations to do so had lapsed, the Court ruled that there was no evidence upon which a jury could rely that the payments to Everest were not fair consideration. By granting summary judgment, all claims against Everest were dismissed.

■ In support of his motion, the Rehabilitator argues that (1) an appeal would address a matter of pure law because the Court's decision disregarded the Court of Appeals' decision in *Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.),* 403 F.3d 43, 54 (2d Cir.2005); (2) the legal question is "controlling" be-

cause a reversal would revive the Rehabilitator's claims against Everest and thus affect the outcome of the litigation; and (3) a reversal would also mean that only one trial would be necessary instead of one against each defendant separately. Frontier also states that there are substantial grounds for a difference of opinion because of the different standards applied by the Court in its ruling on the motion to dismiss and its ruling on summary judgment. Finally, Frontier contends that it plans to appeal the grant of summary judgment after a trial against Benfield and that reversal of summary judgment would lead to a second trial being held.

■ These arguments do not meet the standard of "exceptional circumstances" required for an interlocutory appeal under section 1292(b). First, the *grant of summary judgment explicitly relied on Sharp and made a fact-intensive analysis. For the appellate court to review the issues would not be a purely legal endeavor, but would involve an exploration of the factual details of this case.* Second, plaintiff is correct when he suggests that the rulings on the motions to dismiss and on summary judgment relied on different case law to reach different outcomes. However, this ignores the differences between a Rule 12(b) motion and a Rule 56 motion. *On a motion to dismiss, the court reviews the pleadings to determine if the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), while on summary judgment, the court must determine whether the party with the burden of proof at trial has made a sufficient showing with admissible evidence to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). On a motion to dismiss, the court looks to whether the plaintiff has alleged his claim; on summary judgment, the court looks to whether the plaintiff has sufficient evidence to support his claim. With this understanding, the Court's rulings are clearly in consonance. The first ruling found that plaintiff has met his burden under Rule 8; the second ruling found that there was not evidence to support a fraudulent conveyance claim.

Finally, the Court does not doubt that an immediate appeal of its decision would speed up the case against Everest. If the Court of Appeals were to affirm this Court's decision, Everest would know much sooner whether it was still in this case. If on the other hand, the Court of Appeals were to reverse the ruling, one trial could be held instead of two. At that point, the Court believes, the losing parties at trial would appeal the verdict. This time savings is not the only aim of section 1292(b) and plaintiff points to no case in which the court granted a section 1292(b) motion in circumstances similar to this one. The cases reviewed by the Court involved areas of law of first impression for the district court or areas where the applicable precedent was unclear. *See, generally,* 16 Wright, Miller & Cooper, Federal Practice and Procedure § 3930 (2d ed. 1996). Therefore, the Court will deny plaintiff's motion for a certificate of appealability.

## II. Benfield's Motion for a Certificate of Appealability

Defendant Benfield has filed a motion challenging the Court's denial of its motion for summary judgment. It argues (1) that the question raised in the appeal is one of pure law because it focuses on whether Benfield was a direct or initial "transferee" under the fraudulent conveyance law;[1] (2)

that there is "substantial doubt" in the Court's conclusions on summary judgment; and (3) that immediate review would advance the ultimate termination of the litigation.

■ Courts have frowned upon allowing an interlocutory appeal of a denial of summary judgment. Instead, courts prefer to let the trial resolve the outstanding issues. *See, e.g., Maryland Cas. Co. v. W.R. Grace & Co.,* 128 F.3d 794, 797–98 (2d Cir.1997) (dismissing interlocutory appeal because trial would resolve many outstanding issues); *Parkinson v. April Industries, Inc.,* 520 F.2d 650, 654 & n. 3 (2d Cir.1975) ("[T]rial judges are constantly confronted with interlocutory decisions, which, if erroneous, may create unnecessary and time-consuming consequences.... For example, an order denying a motion for summary judgment ... [is] not immediately appealable even though the entry of an erroneous order may require additional expense and effort on the part of both litigants and the district court.").

■ Benfield's motion reads like a second motion for reconsideration. Benfield's asserted grounds for a difference of opinion is a critique of the Court's previous rulings. In addition, as the Court of Appeals has stated, section 1292(b) does not contemplate "immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court" where the district court denied summary judgment on the basis of a disputed issue of fact. *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 631 (2d Cir.1991); *see also McFarlin v. Conseco Servs.,* 381 F.3d 1251, 1259 (11th Cir.2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue

---

1. This argument was not raised in Benfield's motion for summary judgment, but was first raised in Benfield's motion for reconsideration.

of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.").

In its ruling on summary judgment, the Court found that there were disputed issues of fact regarding Benfield's role in the UPL Contract. This conclusion is not ripe for review by the appellate court. Instead, it is better that they are flushed out and resolved by a jury. *See Maryland Cas. Co.*, 128 F.3d at 797. Further, issues regarding whether Benfield was a direct transferee can be resolved at trial. Because of the factual issues that are left unresolved and the lack of exceptional circumstances, an interlocutory appeal pursuant to section 1292(b) would be inappropriate in this case. Benfield's motion will be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES both motions for certificates of appealability (Docs. # 86, 196). Counsel are instructed to confer and then contact the Court regarding possible trial dates.