**Kevin CORNWELL et al., Plaintiffs,**

v.

**CREDIT SUISSE GROUP et al., Defendants.**

**No. 08 CIV. 3758 VM.**

United States District Court, S.D. New York.

Aug. 20, 2010.

Bernard M. Gross, Deborah R. Gross, The Law Office of Bernard M. Gross, P.C., Philadelphia, PA, Darren J. Robbins, David C. Walton, Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, CA, David Avi Rosenfeld, Samuel Howard Rudman, Jarrett Scott Charo, Marisa N. Demato, Robbins Geller Rudman & Dowd LLP, Melville, NY, Beth Ann Kaswan, Scott & Scott, L.L.P., Paul J. Scarlato, Jonathan Gardner, Labaton Sucharow LLP, New York, NY, William H. Narwold, Motley Rice LLC, Hartford, CT, Elizabeth S. Smith, John Brandon Walker, Motley Rice LLC, Mount Pleasant, SC, for Plaintiffs.

Richard W. Clary, Cravath, Swaine & Moore LLP, Beth Ann Kaswan, Thomas Livezey Laughlin, IV, Scott Scott, L.L.P., New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Decision and Order dated August 11, 2010("August 2010 Decision"), the Court denied plaintiff Louisiana Municipal Police Employee Retire Systems' ("LAMPERS") motion to reconsider the Court's Decision and Order dated July 27, 2010 ("July 2010 Decision") dismissing LAMPERS and similarly-situated potential class members from this lawsuit.[1] LAMPERS' dismissal was grounded on the United States Supreme Court's recent decision in *Morrison v. Nat'l Australia Bank*, —— U.S. ——, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010), which set forth a new "transactional" rule for determining the extraterritorial application of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j (b) (" § 10(b)"), which was the prime engine for LAMPERS' claims against Defendants. The Court determined that *Morrison* foreclosed the application of § 10(b) to any claims related to foreign securities trades executed on foreign exchanges even if purchased by American investors.

The August 2010 Decision also directed defendants Credit Suisse Group ("CSG"), Brady W. Dougan, Renato Fassbind, D. Wilson Ervin, and Paul Calello (collectively, "Defendants") to indicate whether they opposed LAMPERS' request for the Court to certify the July 2010 Decision's dismissal as final under Fed.R.Civ.P. 54(b) ("Rule 54(b)"), thus enabling LAMPERS to immediately appeal the July 2010 Decision to the Second Circuit Court of Appeals. By letter-brief dated August 18, 2010, Defendants submitted their opposition to LAMPERS' request.

## I. DISCUSSION

■ "Rule 54(b) provides an exception to the general principle that a final judgment

---

1. The July 2010 Decision is reported as *Cornwell v. Credit Suisse Group*, 08 Civ. 3758, 2010 WL 3069597 (S.D.N.Y. July 27, 2010). The facts in this case are set forth in detail in other prior Decisions and Orders of the Court. *See Cornwell v. Credit Suisse Group*, 689 F.Supp.2d 629 (S.D.N.Y.2010); *Cornwell v. Credit Suisse Group*, 666 F.Supp.2d 381 (S.D.N.Y.2009).

is proper only after all claims have been adjudicated. It empowers the district court to enter a final judgment on fewer than all of the claims in an action, but only upon an express determination that there is no just reason for delay." *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir. 1991) (quotation marks omitted); *see also* Rule 54(b) ("the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.") Rule 54(b) certification "is to be exercised sparingly in light of the historic federal policy against piecemeal appeals." *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2d Cir.1992) (quotation marks omitted). The Court should certify a judgment as final only "if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Adrian v. Town of Yorktown,* 210 Fed.Appx. 131, 132 (2d Cir.2006) (quotation marks omitted).

■ Here, the parties' submissions and the Court's own research has shown that district courts which have addressed the issue to date have uniformly applied *Morrison's* new rule to securities transactions involving purchasers in the United States where the sale occurred on foreign exchanges. *See Sgalambo v. McKenzie,* No. 09 Civ. 10087, 2010 WL 3119349, at *17 (S.D.N.Y. Aug. 6, 2010) (plaintiff conceded that *Morrison* "forecloses any potential class members who purchased Canadian Superior common stock on a foreign exchange."); *Stackhouse v. Toyota Motor Co.,* CV–10–0922, 2010 WL 3377409, *1 (C.D.Cal. July 16, 2010) (the "position ... better supported by *Morrison*" is that a United States resident purchasing stock on a foreign exchange "has figuratively traveled to that foreign exchange—presumably via a foreign broker— to complete the transaction."); *see also Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada,* 732 F.Supp.2d 1345, 1348–51, 2010 WL 3119908, at *2–*4 (S.D.Fla. Aug.6, 2010) (parties' intent that closing of a transaction in securities was to occur in the United States did not render it a domestic transaction under *Morrison* ); *In re Banco Santander Sec.-Optimal Litig.,* 732 F.Supp.2d 1305, 1316–19, 2010 WL 3036990, at *5–*7 (S.D.Fla.2010) (rejecting § 10(b) claims brought against Bahamian investment fund when all activity related to purchases of securities occurred off-shore even though plaintiffs alleged they were aware the funds invested with an American-based investment company). Though LAMPERS implies that *Morrison* will necessarily engender a circuit split requiring resolution by the United States Supreme Court, the evidence to date, slim as it is, does not support their claim, nor would such speculation serve as sufficient ground to warrant a Rule 54(b) certification in this case.

LAMPERS has also not proffered any unique hardship or injustice requiring immediate appeal. Though LAMPERS is no doubt disappointed that this Court cannot adjudicate its claims, a losing party's dismay alone (common and understandable as it is) is not proper grounds for an expedited appeal.

## II. *ORDER*

Accordingly, it is hereby

**ORDERED** that the motion of plaintiff Louisiana Municipal Police Employees Retirement Systems ("LAMPERS") to certify its dismissal from this lawsuit pursuant to the Court's Decision and Order dated July 27, 2010 (Docket No. 87) is DENIED.

**SO ORDERED.**