10-2812-cv
Guippone v. BH S&B Holdings et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand eleven.

PRESENT:

ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
          *Circuit Judges*,

JED S. RAKOFF,
          *District Judge*.[*]

---

MICHAEL GUIPPONE, on behalf of himself
and all others similarly situated,

          *Plaintiff-Appellant*,

    -v.-                                  No. 10-2812-cv

BAY HARBOUR MANAGEMENT LC, BH S&B INC.,
BAY HARBOUR MASTER LTD., YSOF S&B INVESTOR, LLC,
YORK CAPITAL MANAGEMENT, L.P.,

          *Defendants-Appellees*,

---

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

BH S&B HOLDINGS, LLC, BHY S&B HOLDCO LLC,
BHY S&B INTERMEDIATE HOLDCO LLC,

*Defendants.*[**]

_____

JACK A. RAISNER (Rene S. Roupinian, *on the brief*), Outten & Golden LLP, New York, New York, *for Plaintiff-Appellant*.

JUSTIN S. ANTONIPILLAI (Richard P. Swanson and Jonathan N. Francis, *on the brief*), Arnold & Porter LLP, Washington, D.C., *for Defendants-Appellees York Capital Management, L.P. and YSOF S&B Investor, LLC*.

Israel Dahan, Cadwalader, Wickersham & Taft LLP, New York, New York, *for Defendants-Appellees Bay Harbour Management LC, Bay Harbour Master Ltd. and BH S&B Inc.*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the appeal be DISMISSED for lack of appellate jurisdiction.

Plaintiff-Appellant Michael Guippone appeals from an order of the United States District Court for the Southern District of New York (McMahon, *J.*) entering partial final judgment in favor of Defendants-Appellees under Fed. R. Civ. P. 54(b). Guippone brought this action individually and on behalf of all others similarly situated under the Worker Adjustment and Retraining Notification ("WARN") Act, Pub. L. No. 100-379, 102 Stat. 890 (1988), codified at 29 U.S.C. §§ 2101-09, against, *inter alia*, Defendants-Appellees Bay Harbour Management LC; Bay Harbour Master Ltd.; BH S&B Inc.; York Capital Management, LP; and YSOF S&B Investor, LLC.

_____

[**] The Clerk of Court is directed to amend the official caption to conform with the caption above.

In a Decision and Order dated May 18, 2010, the district court granted Defendants-Appellees' second motion to dismiss Guippone's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] The district court then entered partial final judgment in favor of Defendants-Appellees in an order dated June 11, 2010. We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, Guippone argues that the district court's entry of partial final judgment in favor of Defendants-Appellees under Rule 54(b) was improper because the court failed to give a reasoned explanation for entering partial final judgment. Before adjudicating the merits of an appeal, we must determine whether we have jurisdiction. *See Muhammad v. City of N.Y. Dep't of Corr.*, 126 F.3d 119, 122 (2d Cir. 1997). We review a district court's grant of Rule 54(b) certification for abuse of discretion. *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991); *see also Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy*, 891 F.2d 414, 419 (2d Cir. 1989) (noting that we "accord considerable deference to the district court" in determining whether there was "no just reason for delaying final judgment on the appealed claims").

Section 1291 of Title 28 of the United States Code provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. Thus, "[u]nless the District Court directs entry of a final judgment, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action' [and] is, by definition, interlocutory." *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 452 (2d Cir. 2008) (quoting Fed. R. Civ.

---

[1] In the same Decision and Order, the district court denied Defendant BHY S&B HoldCo LLC's motion to dismiss Guippone's complaint. Defendants BH S&B Holdings LLC and BHY S&B Intermediate HoldCo did not file or join a motion to dismiss.

P. 54(b)), *rev'd on other grounds by Hemi Grp., LLC v. City of New York*, 130 S. Ct. 983 (2010). Rule 54(b), however, provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court *expressly determines* that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added).

We have "repeatedly held that in making the 'express determination' required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Harriscom*, 947 F.2d at 629 (internal quotation marks omitted); *see also Hudson River Sloop*, 891 F.2d at 419 ("[M]ere recitation of the language of the rule that 'there is no just reason for delay' is insufficient to certify a claim under Rule 54(b)."). "Since the appellate court may review the Rule 54(b) certification for abuse of discretion, it does not suffice for the district court to announce its determination that 'there is no just cause for delay' in conclusory form," and instead "its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion." *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987). The absence of such an explanation justifies dismissal of the appeal for lack of jurisdiction. *See, e.g.*, *O'Bert ex. rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) ("[W]e have frequently dismissed appeals where no reasoned explanation for the Rule 54(b) judgment was given.") (citing cases).

Here, the district court's order directing entry of partial final judgment was clearly inadequate. The order simply states, "[u]pon consideration of the Bay Harbour and York Capital Defendants' Motion For Entry of Partial Final Judgment, it is hereby ORDERED that . . . The Motion is GRANTED." The district court made no statement – let alone a conclusory one – as to

4

why there was "no just reason for delay." *Cf. Smith ex rel. Smith v. Half Hollows Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002) ("Although the district court made a conclusory statement 'finding that there is no just reason for delay,' that statement was clearly inadequate."). In fact, the district court's order does not even mention Rule 54(b). Moreover, given the overlapping factual and legal issues in this case, the reasons for entry of partial final judgment are not so "obvious" that a reasoned explanation "would result only in unnecessary delay in the appeal process." *Fletcher v. Marino*, 882 F.2d 605, 609 (2d Cir. 1989) (excusing inadequate explanation because need for expedition and nature of public concern were obvious); *see also St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 693-94 (2d Cir. 1989) (excusing inadequate explanation because, *inter alia*, reason for certification was "readily apparent from the record" and appeal presented "a distinct and separable part of the suit"). Consequently, the district court's Rule 54(b) certification was improper in this case.[2]

Defendants-Appellees contend, however, that the entry of partial final judgment was proper pursuant to *Vona v. Cnty. of Niagara*, 119 F.3d 201 (2d Cir. 1997). Defendants-Appellees' reliance on *Vona* is misplaced. In *Vona*, although the district court failed to expressly determine that there was "no just reason for delay" as required by Rule 54(b), we concluded that there was a final judgment pursuant to 28 U.S.C. § 1291, because the case was marked "closed," making clear that the district court intended to take no further action in adjudicating the case. *See Vona*, 119 F.3d at 205-06; *see also Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497 (2d Cir. 2010) (per curiam) ("[I]t was clear to us in *Vona* that the district court intended to take no further action in

---

[2] In reaching this conclusion, we note our receipt and full consideration of Appellees' most recent letter, filed after oral argument and pursuant to Fed. R. App. P. 28(j).

adjudicating the case."). Here, in addition to its failure to offer a reasoned explanation for directing entry of partial final judgment, the district court never closed – nor gave any indication that it intended to cease adjudicating – the present case. In fact, proceedings in this action have been ongoing since Guippone filed his notice of appeal. Defendants-Appellees' argument is therefore without merit.

For the foregoing reasons, this appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk