13-3191-cv, 14-2301-cv(L)
SEC v. Frohling, SEC v. Sourlis

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 9th day of June, two thousand fifteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             CHRISTOPHER F. DRONEY,

                          Circuit Judges.
_____

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff-Appellee,

                    - v. -                          No. 13-3191-cv

JOHN B. FROHLING,

                          Defendant-Cross-Claimant-Cross-
                          Defendant-Appellant.
_____
_____

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff-Appellee-Cross-Appellant,

- v. -                                                    Nos. 14-2301-cv(L), 14-2937-cv(XAP)

VIRGINIA K. SOURLIS,

                                    Defendant-Cross-Claimant-
                                    Appellant-Cross-Appellee.

_____

For Plaintiff-Appellee in
No. 13-3191 and Plaintiff-
Appellee-Cross-Appellant in
Nos. 14-2301 and 14-2937:          ALLAN A. CAPUTE, Special Counsel to the Solicitor, Securities and Exchange Commission (Anne K. Small, General Counsel, Michael A. Conley, Deputy General Counsel, Jacob H. Stillman, Solicitor, on the brief), Washington, D.C.

For Defendant-Cross-Claimant-
Cross-Defendant-Appellant in
No. 13-3191:                        John B. Frohling, pro se, Jersey City, N.J.

For Defendant-Cross-Claimant-
Appellant-Cross-Appellee in
Nos. 14-2301 and 14-2937:           VIRGINIA K. SOURLIS, pro se, Red Bank, N.J.


Appeals from the United States District Court for the Southern District of New York.

ON CONSIDERATION WHEREOF, it is now hereby ordered that these matters are consolidated for purposes of this order; and it is ordered, adjudged, and decreed that the matters be remanded to the district court for modification or supplementation of the record consistent with this order.

In these tandem appeals, defendants John B. Frohling pro se and Virginia K. Sourlis pro se, against whom, along with others, plaintiff Securities and Exchange Commission ("SEC") commenced the present enforcement action, appeal from judgments entered in the United States District Court for the Southern District of New York, Miriam Goldman Cedarbaum, Judge, holding Frohling and Sourlis, respectively, liable for violations of various federal securities laws in connection with public offerings of unregistered shares of stock of defendant Greenstone Holdings, Inc. ("Greenstone"), a financially strapped company, in 2005-2008. The SEC has cross-appealed against Sourlis, seeking reversal of the district court's denial of a motion for partial summary judgment against her on the issue of liability on one of the SEC's claims. For the reasons that follow, we remand to the district court for supplementation of the record as to the appropriateness of piecemeal appeals in the present matter.

The operative complaint ("complaint" or "Third Amended Complaint") charged that Frohling, Sourlis, and several other individuals engaged in fraudulent conduct in connection with the sale of

2

securities, in violation of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 ("First Claim for Relief," Third Amended Complaint ¶¶ 1-110); aided and abetted violations of § 10(b) and Rule 10b-5, see § 20(e) of the Exchange Act, 15 U.S.C. § 78t(e) ("Second Claim for Relief," Third Amended Complaint ¶¶ 1-106, 111-113); and directly or indirectly engaged in unlawful sales of unregistered Greenstone stock, in violation of §§ 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), (c) ("Fourth Claim for Relief," Third Amended Complaint ¶¶ 1-106, 118-121). The SEC also charged Frohling and others, but not Sourlis, with fraudulent conduct in the offer or sale of Greenstone securities in violation of § 17(a) of the Securities Act, 15 U.S.C. § 77q(a). ("Third Claim for Relief," Third Amended Complaint ¶¶ 1-106, 114-117.) The complaint alleged, inter alia, that Frohling, who was an officer of and an attorney for Greenstone, wrote numerous opinion letters containing false statements and engaged in other conduct that enabled the unlawful sales and offerings of Greenstone stock. It alleged that Sourlis, an attorney, wrote, for two other defendants, an opinion letter containing false statements, and that her letter was adopted by Frohling and enabled such a sale.

As to Frohling, the SEC successfully moved for partial summary judgment with respect to the issues of liability on its first, third, and fourth claims against him; and the district court on June 20, 2013, entered a judgment imposing penalties on Frohling for violating Rule 10b-5, § 10(b) of the Exchange Act, and §§ 5 and 17(a) of the Securities Act ("2013 Frohling Judgment"). The SEC had not moved for judgment against Frohling on its claim under § 20(e) of the Exchange Act, i.e., for aiding and abetting violations of that Act, and the 2013 Frohling Judgment did not address that claim. Although the § 20(e) claim apparently remained pending, as did the SEC's claims against Sourlis and other defendants, the court, citing Fed. R. Civ. P. 54(b) and stating "[t]here being no just reason for delay" in what appears to be a form of judgment submitted by the SEC, ordered that the June 20, 2013 judgment against Frohling be final, 2013 Frohling Judgment at 3.

With respect to Sourlis, the district court, only partially granting the SEC's motion for summary judgment against her on the liability issues, granted summary judgment on the SEC's second and fourth claims for relief. On June 19, 2014, the court entered a judgment imposing penalties on Sourlis under § 20(e) of the Exchange Act for aiding and abetting violations of that Act and for violating § 5 of the Securities Act ("2014 Sourlis Judgment"). The court had denied the SEC's motion for summary judgment on the issue of liability on the SEC's first claim for relief against Sourlis, i.e., primary liability for violations of § 10(b) and Rule 10b-5 (see November 16, 2012 Hearing Transcript at 43 ("I'm not dismissing the [primary liability] claim, but I am denying summary judgment.")); however, it had also denied Sourlis's motion for summary judgment dismissing that claim, see, e.g., SEC v. Greenstone Holdings, Inc., 954 F.Supp.2d 211, 212 (S.D.N.Y. 2013) ("[O]n November 16, 2012, I . . . denied both parties' motions for summary judgment for a primary violation of Section 10(b)."). Although the § 10(b) and Rule 10b-5 primary-liability claim remained unadjudicated, the district court, citing Fed. R. Civ. P. 54(b) and stating "[t]here being no just reason for delay"--again in a form apparently submitted by the SEC--ordered that the June 19, 2014 judgment against Sourlis on the § 20(e) and § 5 claims be final, 2014 Sourlis Judgment at 3.

So far as appears from the district court docket entries as to Sourlis and Frohling, and from the SEC's responses to questioning from this Court as to Sourlis, both the SEC's claim against Sourlis for

3

primary liability under § 10(b) and Rule 10b-5 and the SEC's claim against Frohling under § 20(e) for aiding and abetting remain pending. (All claims against the other defendants now appear to have been resolved.) Although the SEC has filed a cross-appeal to challenge the denial of its motion for partial summary judgment on its primary-liability claim against Sourlis, that denial was not a final judgment, see, e.g., Tolbert v. Queens College, 164 F.3d 132, 138 (2d Cir. 1999). Thus, with the matter in its present posture, we lack jurisdiction to entertain the SEC's cross-appeal, see 28 U.S.C. § 1291; and any consideration by this Court of the SEC's primary-liability claim against Sourlis under § 10(b) and Rule 10b-5 must await a future appeal after that claim is adjudicated in the district court. The pendency of that claim and the pendency of the aiding-and-abetting claim against Frohling raise the question of whether the district court's instructions to enter partial final judgments against Sourlis and Frohling were appropriate, and we remand for the district court to supplement the record with an explanation of its Rule 54(b) determinations.

In general, there is a "'historic federal policy against piecemeal appeals.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) ("Curtiss-Wright") (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956) ("Sears Roebuck")). Thus, in the federal district courts, the entry of a final judgment is generally appropriate "only after all claims have been adjudicated." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991) ("Harriscom"). In an exception to this general principle, Rule 54(b) gives the district court authority to enter a final judgment as to fewer than all of the claims by or against a given party, or as to fewer than all of the parties in a multi-party litigation, thereby permitting an immediate appeal before the action is concluded, "only if the court expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b).

But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright, 446 U.S. at 8. The policy against piecemeal appeals "requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly." Harriscom, 947 F.2d at 629.

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

Curtiss-Wright, 446 U.S. at 8 (quoting Sears Roebuck, 351 U.S. at 438). Ultimately, "the decision to certify" is "left to the sound judicial discretion of the district court. At the same time, . . . 'any abuse of that discretion remains reviewable by the Court of Appeals.'" Curtiss-Wright, 446 U.S. at 10 (quoting Sears Roebuck, 351 U.S. at 437 (emphasis in Curtiss-Wright)).

"[T]he standard against which a district court's exercise of [this] discretion is to be judged is the 'interest of sound judicial administration.'" Curtiss-Wright, 446 U.S. at 10 (quoting Sears Roebuck, 351 U.S. at 437 (emphasis ours)). "[T]he proper role of the court of appeals is not to **re**weigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." Curtiss-Wright, 446 U.S. at 10 (emphases added).

4

A statement by the district court only of its conclusion that "there is no just reason for delay," unaccompanied by any explanation of the assessments that led to that conclusion, is insufficient to permit this Court to conduct the abuse-of-discretion review. See, e.g., Harriscom, 947 F.2d at 630 ("Absent an explanation by the district court, we have no basis for conducting a meaningful review of the district court's exercise of its discretion."); National Bank of Washington v. Dolgov, 853 F.2d 57, 58-59 (2d Cir. 1988) (given a certification that only tracked the language of Rule 54(b), without an explanation, dismissing the appeal for lack of appellate jurisdiction); Arlinghaus v. Ritenour, 543 F.2d 461, 463-64 (2d Cir. 1976) (same); Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980) (same); see also id. (a "unified" appeal "is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations"). To allow an immediate appeal with respect to fewer than all claims or all parties, the district court's conclusion "must be accompanied by a reasoned, even if brief, explanation of its conclusion." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003).

In the present matter, the SEC's two Exchange Act claims against Sourlis appear to be intertwined. She wrote a single opinion letter with respect to shares of Greenstone, as described in the complaint principally in paragraphs 43-57. The complaint asserts that Sourlis incurred both primary liability under § 10(b) and Rule 10b-5 (First Claim for Relief) and aiding-and-abetting liability for Greenstone's violations of those provisions (Second Claim for Relief) "[b]y engaging in the acts and conduct alleged in paragraphs 1-106" of the complaint. (Third Amended Complaint ¶¶ 108, 112.) Thus, the exact same set of facts is alleged to support both claims against Sourlis, only one of which has been adjudicated. Given Sourlis's contentions on her present appeal and the SEC's premature attempt to appeal the as-yet-unadjudicated claim of primary liability, we can only assume that whatever the ultimate decision as to primary liability, there will likely be a further appeal. Thus, if the present judgment against Sourlis is a final judgment, permitting her present appeal, at least two panels of this Court will be required to become immersed in the same set of facts.

With respect to Frohling, although the alleged unlawful conduct was far more extensive than the single opinion letter written by Sourlis, the unadjudicated § 20(e) aiding-and-abetting claim against Frohling, like the claims against him under § 10(b) and Rule 10b-5, and §§ 5 and 17(a) of the Securities Act, stem from the same factual allegations: The first three claims for relief are based on "the acts and conduct alleged in paragraphs 1-106" of the complaint (Third Amended Complaint ¶¶ 108, 112, 115); and the fourth claim "re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 106" (id. ¶ 118). Thus, any eventual appeal from a decision on the § 20(e) aiding-and-abetting claim against Frohling seems destined to involve a panel in the same set of facts presented by Frohling's present appeal.

In addition, the merits of the case against Frohling are partially intertwined with the case against Sourlis, for Frohling was found to have violated § 10(b), Rule 10b-5, § 5, and § 17(a) by concurring in the Sourlis opinion letter that has been held to be false and by using that letter to accomplish a violation of § 5. Thus, the entry of a single final judgment resolving all of the claims against both Frohling and Sourlis would avoid duplicative use of judicial resources and avoid what could otherwise conceivably be inconsistent outcomes.

5

Rather than immediately dismissing these appeals for lack of a final judgment, as was done in some of the cases discussed above, we remand pursuant to the procedure set out in <u>United States v. Jacobson</u>, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to supplement the record with a reasoned, even if brief, explanation of its view as to why immediate appeals by Frohling and/or Sourlis are appropriate in this action. Following such supplementation, if the district court remains of the view that a partial final judgment is appropriate with respect to Frohling, or Sourlis, or both, the appeal by that defendant will be reinstated and referred to this panel, without need for a new notice of appeal or additional filing fee, upon notice to this Court by letter from one of the parties to that appeal that the district court has supplemented the record, or upon the expiration of 30 days, whichever occurs sooner. If the court determines that its adjudication of the pending claim against Frohling and/or Sourlis should precede the entry of final judgment against him and/or her, the court should amend the relevant judgment or judgments to withdraw the Rule 54(b) certification. In that event, the appeal or appeals may be renewed by the filing of a timely new notice of appeal by any aggrieved party, without payment of a new filing fee, and will be referred to this panel.

The mandates shall issue forthwith.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6