13-3191-cv, 14-2301-cv(L), 14-2937-cv (XAP) 15-3978-cv
SEC v. Frohling, SEC v. Sourlis

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 8th day of July, two thousand sixteen.

Present:     AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            CHRISTOPHER F. DRONEY,
                        Circuit Judges.
_____

SECURITIES AND EXCHANGE COMMISSION,

                            Plaintiff-Appellee,

                - v. -                     No. 13-3191-cv

JOHN B. FROHLING,
                            Defendant-Cross-Claimant-Cross-Defendant-
                            Appellant,

HISAO SAL MIWA,
                            Defendant-Cross-Claimant-Cross-Defendant,

VIRGINIA K. SOURLIS,
                            Defendant-Cross-Claimant,

DANIEL D. STARCZEWSKI, JOE V. OVERCASH, JR., FRANK J. MORELLI, III, THOMAS F. PIERSON,

Defendants-Cross-Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC., BLUEWATER EXECUTIVE CAPITAL, LLC, EMERGING MARKETS CONSULTING, LLC, KCS REFERAL SERVICES, LLC, MBA INVESTORS, LTD., NEW AGE SPORTS, INC., POWER NETWORK, INC., PROJECT DEVELOPMENT, INC., SEVILLE CONSULTING, INC., STARR CONSULTING, INC., TUSCANY CONSULTING, INC., YT2K, INC.,

Relief-Defendants-Cross-Defendants,

GREENSTONE HOLDINGS, INC., JAMES S. PAINTER, III,

Defendants.
_____
_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee-Cross-Appellant,

- v. -        Nos. 14-2301-cv(L), 14-2937-cv(XAP), 15-3978-cv

VIRGINIA K. SOURLIS,

Defendant-Cross-Claimant-Appellant-Cross-Appellee,

JOHN B. FROHLING, HISAO SAL MIWA,

Defendants-Cross-Claimants-Cross-Defendants,

DANIEL D. STARCZEWSKI, THOMAS F. PIERSON,

Defendants-Cross-Defendants,

GREENSTONE HOLDINGS, INC., JOE V. OVERCASH, JR., FRANK J. MORELLI, III, JAMES S. PAINTER, III,

Defendants,

ACTIVE STEALTH, LLC, BAF CONSULTING, INC., BLUEWATER EXECUTIVE CAPITAL, LLC, EMERGING MARKETS CONSULTING, LLC, KCS REFERAL SERVICES, LLC, MBA INVESTORS, LTD., NEW AGE SPORTS, INC., POWER NETWORK, INC., PROJECT DEVELOPMENT, INC., SEVILLE CONSULTING, INC., STARR CONSULTING, INC., TUSCANY CONSULTING, INC., YT2K, INC.,

Relief-Defendants.*

_____

| | |
|---|---|
| For Plaintiff-Appellee-Cross-Appellant in Nos. 14-2301, 14-2937, and 15-3978: | ALLAN A. CAPUTE, Special Counsel to the Solicitor, Washington, D.C. (Anne K. Small, General Counsel, Michael A. Conley, Deputy General Counsel, Jacob H. Stillman, Solicitor, Securities and Exchange Commission, Washington, D.C., on the brief). |
| For Defendant-Cross-Claimant-Appellant-Cross-Appellee in Nos. 14-2301, 14-2937, and 15-3978: | VIRGINIA K. SOURLIS, pro se, Red Bank, N.J. |

Consolidated appeals and cross-appeal from the United States District Court for the Southern District of New York.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that in Nos. 14-2301 and 15-3978, the November 25, 2015 judgment of said District Court be and it hereby is AFFIRMED; the cross-appeal in No. 14-2937 challenging a November 20, 2012 order of the District Court is DISMISSED as moot.**

In these consolidated appeals, filed or reinstated following a remand for final resolution of pending claims, see SEC v. Frohling, 614 F. App'x 14 (2d Cir. 2015), defendant-cross-claimant-appellant-cross-appellee Virginia K. Sourlis pro se appeals from a November 25, 2015 Superseding Final Judgment of the

---

\*     The Clerk of Court is directed to amend the official captions in these consolidated appeals to conform with the above.

\*\*    Decision in No. 13-3191, which is consolidated with these appeals, is reserved pending oral argument scheduled for October 2016.

United States District Court for the Southern District of New York, Miriam G. Cedarbaum, Judge, in this enforcement action brought by the Securities and Exchange Commission ("SEC") in connection with public offerings of unregistered shares of stock of defendant Greenstone Holdings, Inc. ("Greenstone"). The district court granted a motion by the SEC for summary judgment on issues of liability, holding Sourlis--an attorney who wrote a January 11, 2006 opinion letter ("Sourlis Letter") relating to one of the offerings--liable for violating § 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e; violating § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and aiding and abetting violations of § 10(b) and Rule 10b-5, in violation of § 20(e) of the Exchange Act, 15 U.S.C. § 78t(e). The Superseding Final Judgment orders Sourlis to pay a total of $57,284.83 as a civil penalty, disgorgement, and prejudgment interest, and permanently bars her from participating in so-called "penny stock" offerings, i.e., offerings of "any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act," Superseding Final Judgment at 4.

In Nos. 14-2301 and 15-3978, Sourlis principally contends that she was entitled to summary judgment in her favor, arguing that she "did not owe a duty to protect the interests of the investing public" (e.g., Sourlis brief on appeal at 1, 26), and that the actual offering of the stock that was the subject of her opinion letter was intervening fraudulent conduct by other defendants that relieved her of responsibility. She also challenges the court's imposition of a civil penalty and its injunctive order. For the reasons that follow, we find no error in the district court's determinations of liability and no abuse of discretion in its remedial order. We assume the parties' familiarity with the underlying facts and procedural history of the case.

A. Liability

Section 5 of the Securities Act makes it unlawful, directly or indirectly, to publicly offer or sell unregistered stock, see 15 U.S.C. § 77e, unless the offering is covered by an exemption. The stock certificate for unregistered shares not covered by an exemption--"restricted" stock--normally bears a legend stating that the shares have not been registered and cannot lawfully be sold until they are registered. The pertinent exemption in this case, as it existed at the relevant time, allowed stock to be issued without the restricted-stock legend if the recipients were persons unaffiliated with the stock's issuer, and if at least two years had elapsed since the shares were owned by the issuer or a person affiliated with the issuer, see SEC Rule 144(k), 17 C.F.R. § 230.144(k) (2005). The two-year requirement was satisfied if unaffiliated persons acquired the shares in exchange for "consideration consisting solely of other securities of the same issuer" that had been received at least two years earlier, as the shares were deemed to have been acquired from the issuer at the time the surrendered securities had been acquired. Id. § 230.144(d)(3)(ii) (2005) (emphasis added). "To state a cause of action under Section 5, one must show '(1) lack of a [required] registration statement as to the subject securities; (2) the offer or sale of the securities; and (3) the use of interstate transportation or communication and the mails in connection with the offer or sale.'" SEC v. Cavanagh, 445 F.3d 105, 111 n.13 (2d Cir. 2006) (quoting Europe & Overseas Commodity Traders, S.A. v. Banque Paribas London, 147 F.3d 118, 124 n.4 (2d Cir. 1998)). A person not directly engaged in transferring title of the security can be held liable under § 5 if he or she "engaged in steps necessary to the distribution of [unregistered] security issues." SEC v. Chinese Consolidated Benevolent Ass'n, 120 F.2d 738, 741 (2d Cir. 1941).

4

Section 10(b) of the Exchange Act and Rule 10b-5, which prohibit fraud in the purchase or sale of a security, are violated if a person has "'(1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities.'" SEC v. Pentagon Capital Management PLC, 725 F.3d 279, 285 (2d Cir. 2013) (quoting SEC v. Monarch Funding Corp., 192 F.3d 295, 308 (2d Cir. 1999)), cert. denied, 134 S. Ct. 2896 (2014). A false statement was made with the requisite scienter if it was made with the "intent to deceive, manipulate, or defraud." SEC v. Obus, 693 F.3d 276, 286 (2d Cir. 2012) (internal quotation marks omitted). "[S]cienter may be established through a showing of reckless disregard for the truth, that is, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care." Id. (internal quotation marks omitted).

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when the evidence is such that, if the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate when "there can be but one reasonable conclusion as to the verdict," id. at 250, i.e., "it is quite clear what the truth is," Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467 (1962) (internal quotation marks omitted), and no rational factfinder could find in favor of the nonmovant. We review the district court's grant of summary judgment de novo, applying the same standards that govern the district court's consideration of the motion. See, e.g., Aulicino v. New York City Department of Homeless Services, 580 F.3d 73, 79 (2d Cir. 2009).

The district court concluded that there was no genuine issue of material fact as to Sourlis's liability under § 5 of the Securities Act with respect to more than 6 million Greenstone shares to which her January 11, 2006 opinion letter pertained. It is undisputed that the Greenstone shares in question were not registered. Sourlis opined that shares could lawfully be issued as unrestricted shares to recipients who were acquiring them in exchange for certain convertible notes. The Sourlis Letter stated that she was relying on "information and representations furnished by . . . the Original Note Holders to me," and that "I have been informed by the Original Note Holders" that none of them were affiliated with the issuer and that the Original Note Holders had owned the notes for at least two years. (Sourlis Letter at 2.) The record established, however, that "the convertible notes described by Sourlis did not even exist." SEC v. Greenstone Holdings, Inc., 954 F.Supp.2d 211, 213 (S.D.N.Y. 2013). Accordingly, many of the statements in the Sourlis Letter were necessarily false. See id. On the basis stated in the Sourlis Letter, which was approved by defendant John B. Frohling, Greenstone's securities counsel, 6,150,000 Greenstone shares were issued in February 2007 as unrestricted shares, allowing them to be sold to the public despite the fact that they were unregistered. The court concluded that Sourlis's role

> satisfie[d] the requirement that she directly or indirectly offered to sell securities. [Greenstone's transfer agent] required a legal opinion letter providing the authority to issue the unregistered shares without a restrictive legend. It would not have issued the shares without Sourlis's letter. This is sufficient to hold an attorney liable under Section 5.

Id. at 214. We see no error in this conclusion.

The district court also found Sourlis liable under § 20(e) of the Exchange Act because her letter aided and abetted violations of § 10(b) and Rule 10b-5 by others. See Order dated November 16, 2012, entered November 20, 2012 ("November 20 Order"), incorporated in the Superseding Final Judgment. Sourlis challenges this conclusion, arguing, as she did in the district court, that she had no actual knowledge that her January 2006 letter would be used for the issuance of unrestricted stock a year later, and that she had no knowledge of the exhibit that was eventually attached to the letter. The court found that the attachment (which specified the persons who were to receive the shares and the number of shares each was to receive) was not the problem; the problem "was the contents of the letter" (Hearing Transcript, November 16, 2012 ("Tr."), at 32). Although § 20(e) as it existed at the time of the Sourlis Letter pertained to "any person that knowingly provide[d] substantial assistance" to a primary violator of the securities laws, 15 U.S.C. § 78t(e) (2000), it did not, unlike certain other sections of the Exchange Act, state that in order to be liable the person must have had actual knowledge, see, e.g., Exchange Act § 21E, 15 U.S.C. § 78u-5(c)(1)(B) (for claims of fraud in forward-looking statements, requiring proof that the statements were made with "actual knowledge" of falsity). See generally SEC v. Big Apple Consulting USA, Inc., 783 F.3d 786, 798-801 (11th Cir. 2015). The district court concluded that the requirements of § 20(e) were met because Sourlis's election not to insist on seeing the notes discussed in her opinion letter was at the very least reckless (see Tr. 36-37 ("even if it were not intentionally done, it was so reckless," in light "of its importance to the transaction"), and that her misrepresentations that she had spoken to the original note holders were misrepresentations as to her knowledge and hence were knowingly false (see id. at 35-36).

We see no error in the district court's rejection of Sourlis's arguments. Sourlis's letter began by stating that her "opinion has been requested with respect to the issuance of shares (the 'Shares') . . . upon the conversion of [certain] . . . Convertible Notes" (Sourlis Letter at 1), and it concluded that "the Shares underlying the Note [sic] may be issued . . . without a legend pursuant to the Securities Act" (id. at 2 (emphasis in original)). Between stating its purpose and its legal conclusion, the "letter represented as fact matters that were contrary to fact"; Sourlis represented in the letter more than once that she "had spoken to the original note-holders," a representation as to her own "knowledge," although "there is no dispute that in fact she did not speak to those original note-holders"; thus, a "critical statement of fact underpinning the opinion" was false because "no original note-holders existed and indeed no notes existed" (Tr. 35). The Sourlis Letter itself makes clear that its purpose was to state whether unrestricted stock could be issued in exchange for the supposed notes. Its misrepresentations underlying its conclusion that such shares could, consistent with the Securities Act, be issued without a restrictive legend plainly enabled Frohling to instruct Greenstone's transfer agent to issue, in exchange for nonexistent notes, unrestricted stock that was then sold by the recipients. The district court did not err in ruling as a matter of law that Sourlis, in violation of § 20(e), aided and abetted violations of § 10(b) and Rule 10b-5.

The district court subsequently ruled that Sourlis's knowingly false statements that she had spoken to the note holders, along with her misrepresentations as to facts she had not verified, also warranted holding her liable as a primary violator of § 10(b) and Rule 10b-5. (See Hearing Transcript July 21, 2015, at 4, 21-22.) That ruling, reflected in the Superseding Final Judgment, is amply justified by the record described above.

6

In No. 14-2937, the SEC cross-appealed to challenge so much of the district court's November 20 Order as had denied its motion for partial summary judgment holding Sourlis liable under § 10(b) and Rule 10b-5 as a primary violator. Since the Superseding Final Judgment holds Sourlis liable under those provisions as a primary violator, the SEC's cross-appeal is moot.

B. <u>Relief</u>

"Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies," <u>SEC v. First Jersey Securities, Inc.</u>, 101 F.3d 1450, 1474 (2d Cir. 1996) ("<u>First Jersey</u>"), <u>cert. denied</u>, 522 U.S. 812 (1997), and its choice of remedies is reviewable for abuse of discretion, <u>see</u>, <u>e.g.</u>, <u>id</u>. at 1474-77; <u>SEC v. Contorinis</u>, 743 F.3d 296, 301 (2d Cir. 2014), <u>cert. dismissed</u>, 136 S. Ct. 531 (2015). Sourlis, in addition to denying any responsibility in connection with the unlawful issuance of the 6,150,000 shares to which her opinion letter pertained, argues that that letter was a one-time occurrence that did not warrant a civil penalty or injunctive relief.

Civil monetary penalties are authorized by the Securities Act and the Exchange Act for both deterrent and punitive purposes. <u>See</u>, <u>e.g.</u>, <u>SEC v. Razmilovic</u>, 738 F.3d 14, 38-39 (2d Cir. 2013). And injunctive relief is

> particularly within the court's discretion where a violation was founded on systematic wrongdoing, rather than an isolated occurrence, . . . and where the court views the defendant's degree of culpability and <u>continued protestations of innocence</u> as indications that injunctive relief is warranted, since "<u>persistent refusals to admit any wrongdoing ma[k]e it rather dubious that [the offenders] are likely to avoid such violations of the securities laws in the future in the absence of an injunction</u>."

<u>First Jersey</u>, 101 F.3d at 1477 (quoting <u>SEC v. Lorin</u>, 76 F.3d 458, 461 (2d Cir. 1996) (other internal quotation marks omitted) (emphases ours)).

We see no abuse of discretion here, given the record in this case as to Sourlis's lack of concern as to whether her representations of fact were true or false and her continued manifestation of a lack of concern for her responsibilities under the federal securities laws. (<u>See</u>, <u>e.g.</u>, Hearing Transcript, April 2, 2014, at 8, 13, 15 (district court's references to Sourlis's "untruths," her willingness to make statements--with "absolutely no reason" to believe them correct--"on which other people's money depends," and her "failure to accept any responsibility").)

CONCLUSION

We have considered all of Sourlis's appellate arguments and have found in them no basis for reversal. The district court's Superseding Final Judgment against Sourlis is affirmed. The SEC's cross-appeal in No. 14-2937 is dismissed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7